### FRYER v. DENNIS.

1. If, on the trial of the right of property, under the statute, the jury find a verdict for the plaintiff in execution, though the claimant become liable to satisfy the execution to the amount of the value of the property in controversy, yet the title to the same, does not vest in him; consequently, it is not error for a judgment condemning the property, to direct that it be sold by the Sheriff to satisfy the execution.

2. When the claimant of property is unsuccessful upon the trial of the right, he becomes liable for the costs of the proceeding, and the property in dispute, cannot be sold in order to relieve him from the charge.

3. The claimant of property levied on, cannot discharge his surety from the obligation incurred by their bond to the plaintiff in execution, (without the consent of the latter) by substituting a bond with other surety; although such second bond be offered, for the purpose of restoring the competency of the surety in the first, as a witness.

4. A certified copy of a deed duly acknowledged and recorded, is inadmissible as evidence, without accounting for the absence of the original.

5. The claimant of property levied on, cannot object to any irregularity in the judgment or execution.

Writ of error to the Circuit Court of Pike.

A writ of *fieri facias*, issued by the Clerk of the Circuit Court of Pike, on a judgment recovered in that Court by the defendant in error, against William Y. Fryer, being levied on

certain slaves, the plaintiff in error made an affidavit, that the slaves were his property, and executed a bond with surety to try the right, pursuant to the statute. An issue was made up, and the case submitted to a jury, who found the slaves subject to the execution, and assessed the value of each. Whereupon, the Court rendered a judgment as follows: "It is therefore considered by the Court, that the said negroes so found subject to the plaintiff's execution, be liable to, and sold by the sheriff, agreeably to the statute in such case made and provided, and that execution issue against the said claimant, to be levied on the said property, together with the costs expended in this behalf."

Pending the trial, a bill of exceptions was taken by the plaintiff in error, to the ruling of the Court, which, so far as it is material, is in these words, " The claimant finding the testimony of Theodore G. Boyd, one of his securities on his claim bond, material to the proving of his title, offered to give a new bond with other securities, and to discharge the liability of said Boyd, in order to render him competent as a witness, and moved the Court for leave so to do; which the Court refused, on the ground, that Boyd's interest could be released only by the act of the plaintiff in execution, and rejected him as incompetent,".&c. Further, " The plaintiff in execution, offered in evidence the record of a deed of trust, duly certified and recorded, of goods, made in August 1838, and after the execution of the bill of sale, under which claimant held, by the defendant in execution, to a trustee, to secure certain debts therein specified, without first offering to produce the original, or shew where it now is, or account for its loss, and without having given notice to produce the same; the claimant objected to this, as incompetent testimony, but the Court overruled the objection, and allowed the record to be read," &c. To all which the plaintiff in error excepted, &c. The claimant also objected to the admission of the execution in evidence, because the individual issuing it (though authorized by the clerk,) was not appointed and qualified as a deputy, in the manner prescribed by the statute.

PECK & CLARK, with whom was J. COCHRAN, for the plaintiff in error. No counsel appeared for the defendant.

COLLIER, C. J.—The assignments of error present for our examination, the legal questions arising upon the judgment and bill of exceptions.

The bond executed by the plaintiff, conforms to the act of 1838. The first section of that statute enacts, that " It shall be the duty of the sheriff to prepare a bond, whenever property levied on by him, shall be claimed and affidavit made, and good security offered for the trial of the right thereof; which bond shall be made payable to the plaintiff in execution, and conditioned for the forthcoming of the property, if the same be found liable to the execution, and for the payment of such costs and damages as shall be recovered for putting in the claim for delay," &c. By the third section, it is made " the duty of the jury, in all cases, when they shall find the property subject to the execution, to find the value of each article separately ; and if the claimant shall fail to deliver the same, or any part thereof, when required by the sheriff, it shall be the duty of the sheriff to go to the clerk, and endorse such failure on the bond, by him returned, with a copy of the execution, whereupon, said bond shall have the force of a judgment, and the clerk shall issue execution, &c. for the value of the property not delivered," &c.

It has been argued for the plaintiff in error, that the verdict and judgment determining the slaves to be subject to the execution of the defendant, vested a title to them in the claimant; and that the direction in the judgment " that they be sold by the sheriff," &c. is irregular and unauthorized. This argument, we think, cannot be maintained. An unfounded claim cannot certainly divest the lien of the plaintiff in execution, or the title of the defendant ; these remain quite as operative and valid as if no act had been done by the claimaint. It is clear that, under the statute, the claimant cannot be compelled to contribute to the satisfaction of the execution more than the value of the property claimed; and if its value should be more than adequate to the payment of the execution, it would be exceedingly unjust, that a claim ascertained by a jury to be unfounded, should give a title to the excess.

The claimant in the condition of his bond, has stipulated that he will have the " negroes forthcoming, if the same be found

liable to the execution." Now the inference was but fair, that the claimant would perform his undertaking, viz : that he would deliver the slaves to the sheriff. This being done, it would have been the duty of the sheriff to sell them, to satisfy the execution of the defendant in error. The judgment then, merely directs the sheriff to do what duty required. But it is unnecessary to consider this argument at greater length, as its justness is directly negatived by the case of Lindsay v. King, 3 Porter's Rep. 406.

In respect to the costs, consequent upon the trial of the right of property, they were properly chargeable upon the claimant; and the property claimed, cannot be burthened with their payment. But, even if this be not a mere clerical misprision, amendable in the Circuit Court, it is at most an error, not prejudicial to the plaintiff in error, and he cannot consequently avail himself of it here.

The surety in a bond, for the trial of the right of property, engages with the plaintiff in execution, that the claimant shall prosecute his claim to effect; and in the event of failure to do so, that he will discharge the obligation devolved upon him by law. Here then, is a clear case of a contract, from which the claimant cannot, at his mere pleasure, absolve the surety. The recognition of an opposite principle, would receive no sanction from precedent, or the anlogies of the law. We are aware that the competency of sureties as witnesses has, in practice been restored by the substitution of new bonds; but this is the first case, in which the regularity of such a practice has been questioned in this Court. We are not prepared to say, that the surety might not be examined by the claimant, where the property levied on, is delivered to the sheriff, and a sum of money deposited with the clerk, sufficient to cover costs ; or where the claimant deposites with the clerk, a sum adequate to the satisfaction of the execution, and all costs which may accrue. By adopting such a course, it would seem, that the claimant might render his surety entirely disinterested. The plaintiff in execution could not, with propriety, object, for he would be made secure, independently of the responsibilities of the surety. We will not, however, undertake to decide, that the surety could, under such circumstances, be

permitted to give evidence for his principal, as such is not the aspect in which the case is presented. But we are entirely satisfied, that the claimant cannot discharge the surety from his undertaking with the plaintiff in execution, against the consent of the latter.

In regard to the admission as evidence, of the copy of a deed without accounting for the original, or taking the legal steps to obtain it, we think the Court erred.

Our statutes in regard to the registration of deeds of land, make a certification of their acknowledgment on probate, written upon or under the same, evidence of their genuineness; and further provides that, " If the original deed or conveyance be lost or mislaid, or be destroyed by time or accident, and not in the party's power to produce, the record of such deed or conveyance, and the transcript of such record, certified to be a true transcript, by the clerk in whose office the record is kept, shall be received in evidence, &c." It is also provided, that certified copies of patents received in the office of the clerk of the County Court, &c., shall be admitted as evidence. These are the only enactments in regard to the admission of copies of registered deeds as evidence; and supposing them to be applicable to deeds and conveyances of personal estate, yet the defendant, in offering a copy of the deed, which was read on trial in the Circuit Court, did not make the preliminary proof, which was requisite. The copy then, should have been excluded upon the ground, that the original, which was a higher grade of evidence, should have been produced, or its absence accounted for. This conclusion is sustained by the cardinal rule of evidence, which we have stated, and is inferrable from the cases of Scott v. Rivers. 1, Stewt & Porter's Rep. 19; Mitchell v. Mitchell, 3 Stewt & Porter's Rep. 81; Mordecai v. Beal, 8, Porter's Rep. 529; Swift v. Fitzhugh, 9 Porter's Rep. 39; Smoot v. Fitzhugh, ibid. 73.

The Circuit Court very properly refused to entertain the objection of the claimaint, to the execution of the defendant in error. It has been repeatedly adjudged, that the regularity of the judgment and execution cannot be questioned on the trial of the right of property. Collingsworth v. Horn, 4 Stewt &

Porter's Rep. 237; Perkins & Elliott v. Mayfield, 5. Porter's Rep. 182.

But for the error in the admission, as evidence of the copy of the deed, the judgment is reversed and the cause remanded.