## FROW & FERGUSON v. DOWNMAN.

1. The grantor in a deed of trust containing no reservation or condition for the benefit of the grantor, is not a mortgagor within the terms of the act excluding mortgagors, or defendants in execution from being witnesses in claim suits—the individual not being the defendant in execution, and the property being levied on as that of a third person.

2. A bankrupt vendor who has received his certificate, and who offers to release all his interest to his grantee and assignees, and to whom a release is offered by his grantee, is a competent witness.

3. The general assignee of a debtor—no consideration passing at the time of the assignment, or rights given up—is not a *bona fide* purchaser without notice, but the property conveyed is held by them in the same condition as by the debtor.

4. In a claim suit, the claimant cannot show an outstanding title in a stranger for the purpose of defeating the execution.

Writ of Error to the Circuit Court of Dallas.

CLAIM of property interposed by Frow and Ferguson to certain slaves levied on at the suit of Downman, as an execution creditor of one Treadwell.

At the trial, it appeared the claimants made title to the slaves in controversy, under a deed of assignment by one Parkman, for the benefit of certain creditors therein named. It was in proof, the slaves had once belonged to Treadwell, but were sold by the sheriff, under an execution against him, and that Parkman became the purchaser, and received a bill of sale as such ; but there was also evidence tending to show the purchase was made with funds furnished by Treadwell, or that Parkman had subsequently been refunded the money paid.    It was also in proof, that this sale took place in 1838, and that the slaves returned to Treadwell, immediately after, and remained with him until his death, in 1842.

During the trial, the claimant offered Parkman as a witness—showing he was a certificated bankrupt, since the execution of the deed to the claimants, and he proposing to execute a release to his assignee in bankruptcy of all excess which might remain after paying his debts.    The claimants also proposed to execute a release to Parkman, of all causes of action growing out of his assignment to them.    The plaintiff objected to the competency of this witness, and the court excluded him as within the terms of the statute prohibiting defendants in execution and mortgagors from being witnesses.

The claimants contended, that Treadwell was indebted to Parkman at the time the latter purchased the slaves, and was then in an insolvent and destitute condition, that the effects which it was in evidence had been furnished by him to Parkman, were received on account, and in partial discharge of this indebtedness, and also, that if the slaves were purchased with the means, and for the benefit of Treadwell, that he before that time had assigned the property to trustees in trust for his creditors, but that the lien of the execution under

111

which the slaves were sold, was anterior to this assignment, and therefore in no event were the slaves subject to the present levy, inasmuch as any title acquired by Treadwell through Parkman, inured to the trustees in Treadwell's deed —as evidence tending to establish these facts, or some of them, the claimant sproposed to read Treadwell's deed of trust —it appearing therein that Parkman was a creditor of Treadwell for a considerable sum. The court excluded this deed.

The claimants asked the court to charge the jury, that if Parkman's purchase at the sheriff's sale was fraudulent, or if he bid in the property for Treadwell's benefit, and with his means, yet if Parkman afterwards made a valid and *bona fide* assignment, to secure valid and subsisting debts, to his creditors, to the claimants, without their having notice of the fraud or character of said sale, and without any knowledge or notice on the part of claimants, or of such creditors, of the fraud, that then they were not affected by it, but would be considered as innocent purchasers for a valuable consideration, and as such protected. This was refused, and the jury instructed to the reverse.

The claimants excepted to the several rulings of the court, and now assign the same as error.

EDWARDS, for the plaintiff in error, insisted—

1. The statute is not applicable to one in the condition of this witness; he is not the defendant in execution, or a mortgagor in the sense of the act. [Acts of 1845, p. 136.] The releases offered removed all interest. [Brown v. Brown, 5 Ala. Rep. 508.]

2. The rejection of Treadwell's deed of assignment was irregular; it would have shown he was not the owner of the slaves.

3. The claimants were purchasers from Parkman, and must be regarded as purchasers for a valuable consideration, and therefore not affected by the fraud between Parkman and Treadwell. [2 Root, 359; Harper, 481; 1 Dev. & B.

29; 10 John. 185; 1 Peters, 46; 1 Dev. & B. 76; 2 John. Ch. 371; Fenno v. Cook, 3 Ala. 473.]

BOLLING, contra, contended—

1. That Parkman, if not within the precise terms of the statute of '45, was within the evil intended to be eradicated. [Yarborough v. Moss, 9 Ala. Rep. 382; Brumby v. Langdon, 10 Ala. 747; Carville v. Stout, Ib. 796.]

2. The property being Treadwell's, could not be placed beyond the reach of his creditors by any conveyance from Parkman.

3. In a claim cause, the title of a third person cannot be interposed to defeat the creditor. [Hart v. McGrew, 1 Port. 175; Parnell v. Hogan, 5 S. & P. 192; McGreggor v. Hall, 3 Ib. 397.]

GOLDTHWAITE, J.—1. We think the circuit court was mistaken in considering the witness it excluded as within the terms or intention of the act of 1845, rendering the mortgagor, or defendant in execution incompetent in claim suits. The object of this statute was, to change the law as it then stood in two particulars—first, to permit the mortgagee to interpose a claim when the mortgaged estate was levied on at the suit of a creditor of the mortgagor, irrespective of the law day of the deed—and second, to prevent the mortgagor defendant in execution from giving testimony in all trials of the right of property, whether under that or the existing laws. [Brumby v. Langdon, 10 Ala. R. 747; Acts of 1845, p. 136.] It evident that the witness is not the defendant in execution, because there is another person who fills that condition, and the only question is, whether he stands as a mortgagor within the meaning of the act. It is very possible a conveyance in trust for the benefit of creditors, where a condition is reserved that the deed shall be void upon the payment of the debts, would be considered as a mortgage within this act, but where the trust, as it is by the deed in this instance, is created absolutely, and without any condi-

tion whatever, the grantor is in no sense of the term a *mortgagor*. The estate of the trustees is dependent on no condition, and vests absolutely on the execution of the deed. Under it, they at any moment could require the possession, and act as owners to any extent compatible with the trusts. Although we thus come to the conclusion the witness is not within the terms or intention of the act referred to, the point of rejection cannot be finally disposed of without the further consideration, whether, independent of this, the *witness* was competent.

2. His true relation to the trustees in the deed, who are the claimants here, is that of a vendor, with a trust resulting to himself in the event the property conveyed should leave a surplus, after satisfying the trusts declared—in other words, after the payment of all creditors. Like all other vendors of personal estate, it is possible he might be liable on the implied warranty of title. Independent of these interests, which are capable of being released by the witness, and the trustees, there is one which, under ordinary circumstances, would not be releasable by any but the creditors themselves; and this is the interest which arises to the witness from the disposition of the slaves to the payments of the *cestui que trusts* of the deed. Whenever, or however those debts are paid, it is an advantage to the witness. But standing as a discharged bankrupt, these as well as all other debts are extinguished, and the only interest remaining with him, is the possible one arising out of the implied warranty, (assuming that a warranty is not discharged by the bankruptcy,) and the interest he has in the residue of his estate, which possibly may remain after paying his debts under the decree. As we understand the record, these were all offered to be released. The decision of Brown v. Brown, 5 Ala. R. 508, is direct, to show that a vendor who is released by his vendee, is a competent witness, as well as that the release need not be delivered to the party in person. We are clear, that upon the execution of the necessary releases to and from the witness, that his competency was restored, whatever the exceptions to his credibility might be, from his peculiar relation to the title.

3. It is very evident the trustees and *cestuis que trust* in the deed, do not occupy the position of *bona fide* purchasers without notice. In point of fact, they are mere volunteers parting with no consideration at the execution of the deed, and giving up no rights of which they were then possessed. An assignee, under such circumstances, is in no better condition than if the property had been subject to a secret trust, and as to such, it is the well settled rule, they are not considered as *bona fide* purchasers. The general assignee of a debtor in failing circumstances, stands in precisely the same condition as the debtor himself. [Story's Eq. § 1228; see also, Bank of Mobile v. Hall, 6 Ala. Rep. 639; Carver, Woolsey, et als. v. Miller & Co. at this term.] We think the refusal to give the charge requested was proper.

4. The only other matter to be noticed is, the rejection of the deed by which Treadwell assigned the slaves to persons who are strangers to the suit. It is the settled rule of this court, in relation to claim suits, that the claimant is not permitted to show an outstanding title in a stranger, for the purpose of defeating the plaintiff's execution. [McGrew v. Hart, 1 Port. 175.]

For the error in excluding the witness, the judgment must be reversed and remanded.