## NABORS v. SHIPPEY.

1. *A verbal promise*, made to an agent, to pay the amount of an execution, in favor of the principal, which has been levied on property of the defendant, in consideration that the agent will release the levy—does not authorize an action against the promissor, in the name of the agent.

2. Where an agent declares *in the common counts*, on a promise made to him for the benefit of his principal, the plea of non-assumpsit puts in issue the right of the agent to maintain the action in his own name.

Error to the Circuit Court of Pickens. Before the Hon. S. Chapman.

THIS was an action of assumpsit, instituted by defendant in error, as the agent of one John Kirby, against the plaintiff in error, in a justice's court, and taken by appeal to the circuit court. The statement, or declaration, was on the common counts. Plea, non-assumpsit. By the bill of exceptions, it appears, that defendant in error was the known agent of Kirby, and had been such for some time ; that an execution in favor of Kirby had been levied on the property of one George Branch, the defendant therein, and that defendant in error, as the agent of said Kirby, on the undertaking of plaintiff, *verbally*, to pay the debt, released the levy. The debt not having been paid, the defendant, in his own name, as the agent of Kirby, sued the plaintiff, to recover the amount thereof.

The court was requested by plaintiff in error, to charge the jury, that the action could not be maintained, on this this state of facts, in the name of defendant in error. although he was described in the pleadings as the agent of Kirby, but that it should have been brought in the name of Kirby, the principal. This charge the court refused to give, but charged the jury, that if there was any force in the objection, it came too late, the plaintiff in error having gone to trial on the general issue. To the refusal to charge as requested, and to the charge given, the plaintiff in error excepted, and now assigns them as error.

HUNTINGTON, for plaintiff.

B. F. PORTER, contra. The objection came too late, as to the agency of Shippey. The general issue admitted the capacity of the plaintiff to sue, and a good declaration. Brewer v. Strong's Ex'rs, 10 Ala. 961.

If an agent has an interest in the matter of the contract,

he may sue; for instance, commissions. 1 Chitty's P. 4, 5, 7, 8; Potter v. Yale College, 8 Conn. 60. Besides, it was only *descriptio personae.* Buffum v. Chadwick, 8 Mass. 103. See also, Newbold's Ex'r v. Wilson, Minor, 12.

COLLIER, C. J.—Ordinarily, an agent contracting in the name of his principal, is not entitled to sue, nor can he be sued on such contracts. Thus an agent selling goods for his principal, and in the name of the latter, cannot maintain an action for the purchase money. Where A agreed in writing to pay the rent of certain tolls, which he had hired for three years, of certain commissioners for drainage, "to the treasurer of the commissioners:" *Held,* that the promise was to the commissioners, to pay the rent to the person whom they should appoint from time to time to receive it, and that an action was maintainable by the treasurer in his own name. Piggott v. Thompson, 3 Bos. & Pul. Rep. 147; Ewing v. Medlock, 5 Port. Rep. 82; Sargeant v. Morris, 3 B. & Ald. Rep. 276; Bowen v. Morris, 2 Taunt. R. 374.

The cases in which the agent has personal rights, and may maintain an action on a contract, in which his principal is interested, are thus stated. "First, where the contract is made in writing, expressly with the agent, and imports to be a contract psrsonally with him, although he may be known to act as an agent. Secondly, where he is the only known or ostensible principal, and therefore is, in contemplation of law, the real contracting party. Thirdly, where by the usage of trade, or the general course of business, he is authorized to act as the owner, or as a principal contracting party, although his character as agent is known. Story on Ag. § 393. The facts recited in the record, do not bring this case within au exception to the general rule, which declares, that an agent shall not sue on contracts made by him in the name, and on the behalf of the principal. The contract was verbal, the consideration for the defendant's promise was the release of property which had been levied on to satisfy a judgment in favor of the principal, as the defendant very well knew. Upon principle, as well as authority, this promise inured to the principal, and he alone could sue for its breach.

A demurrer to the statement would not have been sustain-

ed—the statement, being a mere condensation of the common counts in assumpsit, might have been supported by a promissory note, or perhaps other writing indicating a promise to the plaintiff, as the agent of Kirby, *in totidem verbis.* The plea of *non assumpsit* put in issue the right of the plaintiff to maintain his action, and devolved upon him the burthen of making it out by proof adapted to his allegation. This was not done by showing, that the defendant was indebted to Kirby on a promise made to the plaintiff, as his agent. The circuit court ruled the law adversely to this view—the judgment is consequently reversed, and the cause remanded.