## FOSTER *vs.* SMITH.

1. A claimant, on a trial of the right of property, cannot show title in a stranger, for the purpose of defeating its condemnation.
2. If a deed be made directly to a married woman, a Register in Chancery has no authority to appoint a trustee to execute it.
3. In a proceeding under the statute to try the right of property, the general issue, after the *onus* is shifted, puts the claimant upon proof of his right to interpose the claim.

Error to the Circuit Court of Monroe.    Tried before the Hon. John Bragg.

THIS was a trial of the right to a slave, levied on under an execution in favor of defendant in error against James H. Draughan, and claimed by the plaintiff in error as trustee of Jane S. Draughan, wife of the said James H.    The plaintiff in execution having proven possession of the slave by the said James H. Draughan at the time of the levy, and its value, the claimant read to the jury a deed from James M. Lindsey to the said Jane S. Draughan, by which he conveyed the said slave to her, for her sole and separate use; and then introduced a certified transcript of an order, made by the Register in Chancery at Monroeville, on the petition of the said Jane S. Draughan, appointing the claimant trustee for her under said deed, and offered to read it to the jury, but the court decided,

that it afforded no evidence of the fact, which it was offered to establish and rejected it as evidence. The court charged the jury, 1st, that the claimant, under the issue formed, was bound to show that he was the trustee of Jane S. Draughan: 2d, that he could not avoid a condemnation of the property by showing title in Jane S. Draughan.

To the ruling of the court, and to each charge given, the claimant excepted, and now assigns these matters as error.

T. & J. WILLIAMS, for plaintiff:

1. The only proper issue on trial of the right of property upon a claim interposed under the statute, is an affirmation on the part of the plaintiff in execution "*that the property levied on is subject to his execution*, and a *denial of that fact* by the claimant." The Planters' and Merchants' Bank of Mobile v. Willis & Co. 5 Ala. 770.

2. Upon such an issue, the claimant will not be allowed to show want of consideration in the original cause of action. 8 Ala. 104; nor that the judgment was *unjust*, or that the plaintiff in execution was dead before the levy—8 Porter, 565; 4 Ala. 667; nor that there was error in the judgment—4 Stew. & Porter, 168; nor to impeach the fairness of the judgment. 3 Porter, 401; nor can the claimant avail himself of any defect in the judgment—5 Port. 182; 4 Stew. & Port. 237; nor is plaintiff in execution bound to produce the judgment—6 Porter, 452; nor can claimant show that a lien produced by attachment on which execution issued was lost by giving replevy bond. 8 Porter 131.

3. On such an issue plaintiff in execution cannot object that claimant is an infant. Mundine v. Perry, 2 Stewart & Porter, 130.

4. In action by feme covert, coverture must be pleaded in abatement. 8 Ala. 955. And where general issue is pleaded it is a waiver of plea in abatement. Wilson v. Oliver, 1 Stew. Rep. 46; Draughan v. Tombeckbe Bank, ib. 66; and pleading to merits, after plea in abatement overruled, *waives* the right to *review* decision on overruling plea. Wade & Kelly v. Hutheson, 2 Stewart, 443.

5. The general issue, or other plea in bar, admits the character in which the plaintiff sues to be such as is set out in the

declaration. Strickland, et ux. v. Burnes, 14 Ala. 511, and the authorities there cited. 1st—The affidavit claims as trustee of Jane S. Draughan. 2—The bond sets forth the claim to have been as trustee of Mrs. Draughan. 3—And the plea does the same, and to this plea the similiter is in by plaintiffs.

6. Under an equitable construction of this statute, the appointment of plaintiff as trustee by the Register in Chancery is valid. Vide Clay's Dig. 350, §§ 32, 33. A Judge of the Circuit Court, under the equity of the statute, (Clay's Dig. 581, § 3,) may appoint a trustee. The State Bank v. Smith, 6 Ala. Rep. 75.

COOPER, for defendant:

1. That the claimant was bound to show a legal estate or title in himself, and his appointment as trustee (the deed not creating him trustee) was a necessary matter to be proved, and not proving himself trustee, he could not recover.

2. That the circuit court has no power to *create* a trustee, especially in a case like the one at bar.

3. If the power exists that the time and manner is a matter of discretion, and the court may well refuse in the middle of a case to aid the parties by appointing a trustee ; its effect in this case would have been to make a new party.

CHILTON, J.—It is perfectly clear that if the claimant has no right to the property, the title to which he proposes trying by interposing his claim, he cannot recover, because a third person, a stranger to the proceeding, may be supposed to have a title paramount to that of the defendant in execution. By the interposition of his claim, he arrests the execution of the process upon the property to which he asserts title, and virtually asserts that the sale of it for the satisfaction of the plaintiff's *fi. fa.* is inconsistent with *his* rights. If he has no such rights, it is a matter of no concern to him whether the rights of third persons, between whom and himself there is no privity, may be invaded. McGrew v. Hart, 1 Por. Rep. 175; Frow, et al. v. Downman, 11 Ala. Rep. 880. See also Dent v. Smith, 15 Ala. Rep. 286.

The deed of gift from Lindsey to Jane S. Draughan for the slave in controversy was made directly to her, without the

intervention of a trustee. The claimant offered in evidence what purported to be a record of his appointment as trustee for Mrs. Draughan under said deed, by the Register of the Chancery Court at Monroeville, which evidence the Circuit Court rejected. The court decided correctly that such appointment was a nullity. The Register had no power to make it. The statute authorises the Register, when any trustee shall die, to appoint one or more trustees in the place of such deceased trustee, upon the application of any person interested in the trust estate, provided notice, &c. be given. Clay's Digest, 350 § 33. But the power is not vested in the Register to appoint a trustee for the execution of a deed which is not a conveyance to a trustee. The same may be said with respect to the Act of 1829, authorising the Circuit Court to appoint a trustee in case of the resignation or removal of the trustee named in the deed. Clay's Digest, 581 § 3. The Court of Chancery is alone adequate to afford relief in such case. It follows then, as the appointment by the Register of the claimant trustee for Mrs. Draughan, was *coram non judice* and void, and as the Circut Court had no power to make the appointment which the claimant sought to have made upon the trial, that the said claimant had no right to the property, and therefore no right to interpose his claim.

The doctrine that a party is considered as admitting the character in which a plaintiff sues by pleading the general issue or plea in bar, can have no application to this case, so as to dispense with the necessity of proof of title in the claimant, when the burden of proof has been once cast upon him by the proof of property in the defendant in execution. It would be difficult to conceive, how the trusteeship of the claimant could be otherwise brought within any legitimate issue than as connected with the proof of his title. The plaintiff in execution avers, that the slave levied upon is subject to the execution; the claimant as trustee, negatives or traverses the plaintiff's averment and thus an issue is formed under the direction of the court, as provided for by the statute. Planters' and Merchants' Bank of Mobile v. Willis & Co. 5 Ala. Rep. 770. Pleas in abatement as to the character in which the claimant interposes his claim, are unknown in this statutory proceeding to try the right of property.

But I am clearly of opinion, that if he had brought his action of detinue, as the trustee of Mrs. Draughan, and the general issue had been pleaded, it would not have sufficed for him merely to have shown a bill of sale or deed of gift to her, without connecting himself with her title. Where an assignee of an insolvent brings assumpsit, the general issue does not supercede the necessity of proving that he is such assignee; and so of insolvent's trustees. 2 Wend. Rep. 319, and cases there cited by Marcy, J. 2 Gill. & Johns. 73; 2 Phil. Ev. (C. & H's notes) 448. So in this case, we think it would have been incumbent on the complainant to have proved that the trusteeship had devolved on him, if the proof of the devolution of the trust was necessary to vest in him a title. Nabors v. Shippey, 15 Ala. Rep. 293.

We are unable in any aspect of the case, to percieve any error in the record, and the judgment is consequently affirmed.