## WHITE et al. vs. THE GOVERNOR, &c.

1. The right of set off did not exist at common law, but a defendant, who had a demand against the plaintiff, was compelled to resort either to his cross action, or a bill in chancery.
2. The statute of set off (Clay's Dig. 338) does not apply to suits, instituted by the State against its debtors.

ERROR to the Circuit Court of Tuskaloosa. Tried before the Hon. John D. Phelan.

PECK, for the plaintiffs in error.

WHITFIELD, for the defendant.

CHILTON, J.—This was an action of assumpsit, brought by Benjamin Fitzpatrick, as Governor of the State of Alabama, and afterwards continued in the name of the present defendant in error, who succeeded him, against the plaintiffs in error, to recover on a promissory note executed by them on the 28th day of March 1843, for three hundred and fifty dollars, due the 1st January 1844, and payable to Benj. Fitzpatrick, Governor of the State of Alabama, and his successors in office, with interest from date, and which purports to be due on account of the sale of Supreme Court reports.

It appears by a bill of exceptions, that the plaintiff below read said note to the jury and rested his case. Thereupon the defendants, having pleaded non-assumpsit, with notice of set off, offered evidence to prove that in the years 1840 and 1841, White had furnished for the use of the Legislature of this State and the executive officers, candles, books, paper, quills and other articles of stationary, and penknives, to the amount of said note described in the declaration; that the said articles were furnished, on the orders of the Secretary of State and door-keepers of the two houses of the Legislature, and to them personally, as such officers, and that said articles were actually obtained for and used by said Legislature.

They further offered to prove that like articles had been furnished by defendant White, on like orders, to the same individuals, as officers, &c., as aforesaid, and that they had been paid for by appropriations made by the Legislature for that purpose,

but that an account for the articles, here sought to be made available as a set off, had been presented to the Legislature, for which they were furnished with the proof usual in such cases, for payment, but said Legislature rejected the same and refused to pay or make any provision for its payment, and that the said account remained wholly unpaid. This evidence was objected to by the counsel for the plaintiff below, and the court sustained the objection and excluded it, to which the defendants excepted, and they now assign its exclusion for error in this court.

Omitting the consideration of the question, whether the Governor, in respect of the suit on this note, is to be regarded as the representative of the State, and without stopping to inquire, whether the appropriation of this fund by the Legislature will prevent the allowance of the set off claimed by the defendants below, we come to the main question, which is, conceding that the State is the plaintiff, has the defendant, White, the right to set off his cross demand against the plaintiffs demand?

This question may be readily solved by a recurrence to a few elementary, well settled principles and analogies, deducible from the common law. The first is, that the right of set off did not exist at common law. The defendant, in the absence of statutory provision, who had a cross demand against the plaintiff, was required, either to resort to his cross action against the plaintiff, or to file his bill in chancery. Thus stood the law in England until it was altered by the statute.—2 Geo. II, *c*. 22, § 13. The right to plead a set off in any case being dependant upon the statute, the next inquiry is, does our statute confer it, as applicable to suits to which the State is the party plaintiff? The language of the act is general, and provides that, in all cases, where there are mutual debts between the plaintiff and the defendant, the one may be set off against the other, &c., and provision is then made, by which the court may give judgment and award execution against the plaintiff, when the defendant's set off shall exceed the plaintiff's demand, for the amount of the excess.— Clay's Dig. 338. Are actions brought by the State within the purview of this statute? Here again we must resort to the common law for analogy, and from this it is clear that no action would lie against the State, which is the representative of the sovereignty that resides in the people, except in cases where such action is provided by statute.—Bacon's Abr. by Bouv. vol.

8, p. 106. The Constitution has made it the duty of the Legislature to direct in what manner and in what courts suits shall be brought against the State, (Art. 6, § 9,) and this duty has been performed by the acts of 1820 and 1827, investing the Circuit Courts with jurisdiction of cases by citizens against the State, and pointing out the mode in which such suits shall be conducted, and how the judgments shall be satisfied.—Clay's Dig. 339, § 143-4-6. No right of set off could be derived from these statutes, and the right is made to depend solely upon the construction of the general statute of set off. By the established rules of interpreting statutes, as recognised by the common law, the Government would not be embraced by those statutes, prescribing remedies for the citizens, in matters affecting the interest of the State, unless named in the statute to be bound, and it has been expressly held in England that the statute of set off does not apply to the Government, although that statute is couched in as general language as our own.—See Broom's Legal Maxims, 31. But if there were no such exclusion resulting from the general rules of interpretation, it will be manifest from even a casual consideration of the subject, that the Legislature did not intend to embrace the State by the general language used in the statute of set off. To hold that they did would introduce into the statutes much incongruity, leading to absurd results. For example, it is settled that no set off can be allowed in any case, where a cross action would not lie. Suppose then the State had sued for this demand in the County Court, which then had jurisdiction of such cases, it is clear that no set off could have been there allowed, as no action could have been brought in that court against the State. Thus it would seem the State could have avoided the statute of set off, by electing to proceed in a forum where it could not be pleaded. No one, we presume, would maintain that such a result was contemplated, that the State had reserved by law the means of defeating the right of set off confered upon the citizen, by a resort to an inferior court, where such right could not be asserted. But it is needless to pursue this line of argument, for aside from these considerations, upon the grounds of public policy and necessity, we should hold that it is not competent for a party to embarrass the State in the collection of its demands, by the operation of alleged counter claims, thus withdrawing such claims

from the investigation of the accounting officers of the State, and from the courts which alone can try them. The law has made ample provision for creditors of the State in the ascertainment and payment of their demands, and there is nothing unreasonable in requiring them to proceed in the manner pointed out by the Statute.—Clay's Dig. 339.

The cases from the Reports of the U. S. Courts, to which we are refered, arose under statutes which authorised them, so that they furnish no authority for the set off in this case.

The argument that when the State engages in banking, through a corporation, the right of set off attaches against the corporation, as in case of an individual, does not aid the plaintiff in error. The corporation, being invested with the power of suing and the capacity to be sued, is subject to the general law, regulating and controling the remedies which pertain to real persons, unless exceptions be made by the statutes in relation to them. When such corporation sues, cross demands existing against it may, in proper cases, be set off, but not demands existing against the State, and wholly disconnected from the business of the corporation. No one would contend that in a suit by the State Bank of Alabama against these defendants, upon a note due the Bank, they would be entitled to plead as a set off the demand here set up for stationary, &c., furnished the Legislature. There would be no mutuality, although the State owns all the assets of the Bank. So in the case before us—the suit is by the State, or it is not. If the State be the plaintiff, the set off cannot be pleaded, as we have seen, there is no law authorising it. If it be not the plaintiff, then there is a want of mutuality, and consequently the evidence of the set off against the State was properly rejected.

Let the judgment be affirmed.