# Crosby *v.* Hutchinson.

### *Trial of the Right of Property.*

53  5
137  84

1. *Charge; when properly refused.*.—A charge which is abstract is properly refused; so also, when it does not affirmatively appear that it was asked in writing, it will be presumed on appeal, that it was refused for that, if for no other reason. (*Myatt* v. *Bell,* 41 Ala. 222, *not considered authority on the last point*).

2. *Repleader; when not error to refuse.*—It is not error to refuse a repleader after verdict, to a party who joined in issue tendered him in sufficient form and not so narrow as to exclude any of his evidence, where the verdict responds to the issue joined.

3. *Claimant; what questions can not raise.*—The claimant of goods levied on as the property of another, is not concerned in the rightfulness of the levy of the execution, as to the defendant in execution, and can litigate no question except his own right to the property.

4. *What not revisable on error.*—It can not be assigned for error, that the court below refused to hear argument on a motion for new trial, and overruled it without allowing argument.

APPEAL from Circuit Court of Monroe.
Tried before Hon. P. O. HARPER.

The facts are sufficiently stated in the opinion.

JAMES M. DAVISON, for appellant.

S. J. CUMMING, *contra.*

MANNING, J.—A writ of execution in favor of appellee "to be levied of the goods and chattels, lands and tenements in the hands of W. H. Davis, as administrator of Willam H. Davis, deceased," was executed by the sheriff of Monroe county by his seizing for the satisfaction thereof, some furniture and a stock of goods and merchandise, represented as worth about $1,100, "as the property of W. H. Davis."

One Crosby claimed on oath, that this was his property, and gave bond to try title as claimant, and had the property delivered to him.

The trial was had on an issue tendered by appellee (the plaintiff below), in these words: "The property levied on is subject to the satisfaction of the plaintiff's execution." To which, according to the bill of exceptions, "the claimant at the suggestion of the attorney for plaintiff, and in the hearing of the court, put in his denial in writing as follows: "Claimant comes and denies that the property levied on was at the time of the levy, the property of W. H. Davis, or subject to the satisfaction of the plaintiff's execution. And upon this issue the case went to the jury." The judgment entry recites that issue was joined "in the form required by the statute."

The jury found one undivided half of the property subject to satisfy the execution, and assessed in parcels, the value of the entire property at $1190.00, and the court condemned this undivided half interest to the satisfaction of the execution.

In the course of the trial appellant, Crosby, introduced evidence tending to show, that a firm of A. H. Grayson & Co. of which defendant in execution, Davis, was a member, sold out its stock of goods to him, Crosby, and that he paid them for the same "about the last of the year 1871," and that he and Davis went into business together "about the first of January, 1872," under the firm-name of Crosby & Co., upon an agreement that Crosby should furnish all the money, and Davis furnish the store-house and attend to the business, and that the profits should .be equally divided between them; "that Davis did not put any money into the firm; that all the money used was furnished directly by Crosby or was derived from the sale of the goods ;" that at the closing out of the business no profits were made; and that at the time of the levy and of the trial, there were outstanding debts of the firm, and Davis was indebted to it.

Crosby, by attorney, asked the court to charge the jury—
1st, If the jury believe that Crosby furnished the money for the purchase of the goods in question, and that Crosby

[Crosby v. Hutchinson.]

agreed to pay Davis for his services one-half the profits of the year's transactions; this did not give Davis a title in the goods of Crosby & Co. 2d. The sale, if the jury believe it was a *bona fide* sale of the goods of Grayson & Co., to Crosby, vests title in Crosby. These charges the court refused, and plaintiff excepted."

There is no evidence in the bill of exceptions that the goods levied on by the sheriff and in controversy in this cause, ever belonged to either Crosby & Co. or Grayson & Co., or were bought with the money, effects, or credit of either of those firms; nor does it appear that the charges were asked of the court in writing, according to section 2756 of the Revised Code.

We would, therefore, have, in order to *overturn* the judgment of the court below, to presume two things that do not appear by the record—that is, that the charges were asked in writing—and that they were relevant, or not abstract. We are of opinion, in opposition to a decision, in *Myatt* v *Bell*, 41 Ala. 222, that a judgment of the court below ought not to be reversed for its refusal to give a charge asked for, unless it appears that it was asked for in writing, as the statute requires.

According to the repeated decisions of this court, all reasonable intendments must be made to support the judgments of the courts below of general jurisdiction. Their judgments must not be reversed, unless affirmatively shown to be erroneous. *Duckworth* v. *Butler*, 31 Ala. 164; *Forrester* v. *Forrester*, 40 id. 557. *Taylor* v. *Kelly*, 31 Ala. 59.

In what respect, or form, or for what reason, the claimant desired a repleader in the cause, after the verdict, is not shown. The trial was upon an issue tendered in a sufficient form and upon his joinder in it; it does not appear that any evidence was excluded by it; and the verdict of the jury responds thereto. *Bank* v. *Willis & Co.*, 5 Ala. 770; *Phelan* v. *Fancher*, id. 449.

Whether the goods seized were liable if the property of Davis, to be taken under an execution "to be levied of the goods and chattels, lands and tenemants in the hands of W. H. Davis as administrator of Wm. H. Davis, deceased," is a question which the appellant Crosby is not entitled to have adjudicated. It is only so far as the seizure is an invasion of his rights, that he is to be allowed to complain of the action of the sheriff. *Frow* v. *Downman*, 11 Ala. 880; *Foster* v. *Smith*, 16 Ala. R. 192; *Perkins & Elliott* v. *Mayfield*, 5 Porter 182; *Fryer* v. *Dennis*, 2 Ala. 144; *Brown* v. *Hunt*, 31 id. 146.

That the court below declined to hear argument upon the motion for a new trial—and overruled the motion without argument—does not present questions for revision here.

The judgment of the circuit court is affirmed.