16 So.2d 187

### Ex parte STATE ex rel. ATTORNEY GENERAL.

4 Div. 313.

Supreme Court of Alabama.

Nov. 26, 1943.

Rehearing Denied Jan. 13, 1944.

194

Horton H. Little, of Luverne, for claimant.

LIVINGSTON, Justice.

Petition for writ of mandamus by the State of Alabama on relation of William N. McQueen, acting Attorney General, to require Hon. A. E. Gamble, as Judge of the Circuit Court of Crenshaw County, Alabama, to set aside and vacate certain orders or judgments entered by him in the case of State of Alabama versus J. D. Yates, Austin Hamilton, claimant, overruling the State's motion to dismiss the claim suit of Austin Hamilton.

The facts are, J. D. Yates is a merchant engaged in the retail grocery busi-

Wm. N. McQueen, Acting Atty. Gen., and John W. Rish and H. Grady Tiller, Asst. Attys. Gen., for petitioner.

ness at Luverne in Crenshaw County, Alabama, and was so engaged on and prior to March 1, 1937, and continued to be so engaged through March 31, 1941. On, to-wit, August 4th and August 18, 1941, the State Department of Revenue made and entered, under and in accordance with the Sales Tax Act, final assessments against Yates for sales tax, aggregating the sum of to-wit, $1,395.87, and from which assessments no appeal was taken or perfected. Yates failed to pay said assessments, and on February 11, 1942, the State Department of Revenue issued executions against Yates, and placed same in the hands of L. F. Horn, the sheriff of Crenshaw County, to be levied on the property of Yates. Horn delivered copies of the executions to the clerk of the Circuit Court of Crenshaw County, who entered same upon the minutes and upon the execution docket of said court. Thereafter, on to-wit, April 10, 1942, Horn executed said writs of execution by levying on a stock of goods alleged to be owned by and in the possession of Yates. On the same day Austin Hamilton, under and in accordance with the provisions of section 1168, Title 7, Code of 1940, made claim to the property levied on. The State of Alabama, by and through its Attorney General, filed a motion to dismiss the claim of Hamilton. The trial court entered a judgment overruling the motion, hence this petition for writ of mandamus to compel the trial judge to vacate and set aside said judgment.

Petitioner insists, first, that the claim filed by Hamilton is in effect a suit against the State of Alabama in violation of section 14 of the Constitution of Alabama, which provides "That the State of Alabama shall never be made a defendant in any court of law or equity." Second, that the Circuit Court of Crenshaw County, Alabama, has no jurisdiction of the parties to the suit, nor over the subject matter involved.

It was said in the case of State v. Louis Pizitz Dry Goods Co., 243 Ala. 629, 11 So. 2d 342, 345: "That by virtue of section 14 of the Constitution of Alabama of 1901, under no circumstances and in no sort of suit can the State of Alabama ever be made a defendant in any court of law or equity. This prohibition cannot be waived, and it cannot be avoided by suing a State agency when the substance and effect is a suit against the State. Alabama Girls' Industrial School v. Reynolds, 143 Ala. 579, 42 So. 114; Cox v. Board of Trustees University of Alabama, 161 Ala. 639, 49 So. 814; State Docks Comm. v. Barnes, 225 Ala. 403, 143 So. 581; State Tax Comm. v. Commercial Realty Co., 236 Ala. 358, 182 So. 31; Barlowe v. Employers Ins. Co., 237 Ala. 665, 188 So. 896."

And in Riddick v. Employers Ins. Co., 236 Ala. 323, 182 So. 45, it was held that a bill of interpleader could not be maintained against the State of Alabama, by a surety on the official bond of a circuit clerk, in which it was alleged that the State and others claimed the penalty of the bond. It was held in Holmes v. State, 100 Ala. 291, 292, 14 So. 51, that section 14 of the Constitution applies to a cross-bill seeking affirmative relief against the State. See, also, Alabama Girls' Industrial School v. Reynolds, 143 Ala. 579, 42 So. 114; White v. Governor, 18 Ala. 767.

But the above authorities do not decide the question here presented.

■ To enforce its rights or redress its wrongs, as a political corporation, a state may ordinarily avail itself of any remedy or form of action which would be open to a private suitor under similar circumstances. Wolffe v. State, 79 Ala. 201, 58 Am.Rep. 590. And when it has brought suit it is generally subject to, and its right to relief is usually determined in accordance with, the ordinary rules of law which have been established for the administration of justice between private litigants, except in so far as such rules have been modified by statute in favor of the state, or they have been held inapplicable because of the state's sovereignty, or because their strict application against the state would be unreasonable. 56 Corpus Juris 315, § 469.

Sections 1168 and 1169, Title 7, Code of 1940, are as follows:

"1168. Personal property levied on may be claimed by a stranger to the writ; when delivered to claimant.—When an execution, attachment, or other like writ issued from any court or by any officer, is levied on personal property as to which any person not a party to the writ claims to own the title, legal or equitable, or a lien paramount to the right, title, or interest in the property of the defendant in the writ, such person may try the right to such property before a sale thereof upon . making affidavit by himself, his

agent, or attorney, which may be taken by the officer levying the writ, or any officer authorized to administer oaths, that he holds such title to or such lien upon, the property claimed, and executing bond with two good and sufficient sureties to be approved by the officer making the levy and payable to the plaintiff in double the value of the property levied on and claimed, the value thereof to be determined by the officer making the levy; but in no case to be more than double the amount of the writ levied, with condition to have the property forthcoming for the satisfaction of the judgment or claim of the plaintiff, if it be found liable therefor, and also for the payment of such costs and damages as may be recovered for interposing the claim for delay; whereupon the property levied upon must be delivered into the possession of the claimant.

"1169. Papers returned; issue made up; burden of proof.—The officer making the levy must, except as otherwise provided in sections 1173 and 1175 of this title, return the writ, affidavit, and bond to court to which it is returnable, when an issue must be made up between the plaintiff in the writ and the claimant, in which the former must allege that the property claimed is the property of the defendant in the writ and is liable to its satisfaction; and on the trial of such issue, the burden of proof is on the plaintiff."

This Court has settled the following rules as applicable to every trial of the right of property, in an issue formed under the foregoing statutes between the plaintiff in execution and the claimant of the property: (1) The onus of proof is, in the first instance, on the plaintiff in execution to make out a prima facie case that the property levied on is the property of the defendant in execution, he being required by section 1169, supra, to assume the affirmative of this issue. (2) This onus is discharged sufficiently when it is shown by the plaintiff that the defendant in execution was in possession of the property at the time of the levy; such possession being presumptive evidence of title. (3) When the case assumes this status, the claimant is not permitted to show an outstanding title in a stranger, between whom and himself there is no privity, for the purpose of defeating the plaintiff's execution. He must show title

in himself, legal or equitable, or a lien, paramount to the right, title or interest in the property of the defendant in the writ, or else fail in his claim suit: the possession of the defendant to whose rights the plaintiff succeeds being superior to a want of title, legal or equitable, or a lien, paramount to the right, title or interest of the defendant in himself. Jackson v. Bain, 74 Ala. 328; Shahan v. Herzberg, 73 Ala. 59; Foster v. Smith, 16 Ala. 192; Frow v. Downman, 11 Ala. 880; Elliott v. Stocks & Bro., 67 Ala. 290; Block Bros. v. Maas & Block, 65 Ala. 211; Loeb Bros. v. Manasses, 78 Ala. 555; Jones v. Franklin, 81 Ala. 161, 1 So. 199.

When a claim is filed under the provisions of the statutes, the plaintiff in the process becomes the actor, and on him rests the burden of proving the affirmative fact asserted by the levy of the process, that the property levied on is the property of the defendant in the process, and subject to its satisfaction. The claim suit seeks no affirmative relief against the State, and its final solution can neither affect the interest of the State nor take away any of its property. Its interposition is not violative of section 14 of the Constitution.

Section 770, Title 51, Code of 1940 (a part of the Sales Tax Act), provides as follows: "If any final assessment of taxes herein levied be not paid within thirty days after such assessment becomes final if no appeal has been taken, in cases where an appeal is authorized, the department shall issue an execution therefor directed to any sheriff of the State of Alabama commanding him to levy upon and sell the real and personal property of the person against whom such execution is directed, found in his county, together with all penalties assessed. The sheriff shall within five days after the receipt thereof file with the clerk of the circuit court of his county a copy thereof, and thereupon the circuit clerk shall enter in the judgment roll, in the column of judgment debtors, the name of the taxpayer named in the execution, the amount of the tax, and damages and penalties for which the execution is issued, and the day when such copy is filed; thereupon the amount of such execution so docketed shall become a lien upon the real and personal property of the person against whom it is issued in the same manner as judgments duly enrolled from the circuit court or

court of like jurisdiction. The sheriff thereupon shall levy upon any property of the taxpayer with like effect and in the manner prescribed by law in respect to execution issued upon judgments of the circuit court or court of like jurisdiction, and the remedies of attachment and garnishment shall apply fully to such execution, and the officer shall be entitled to the same fees for his services as now allowed by law for like services to be collected in the same manner as now provided by law for like services. The sheriff shall make due return of such execution within sixty days of the issuance thereof to the department and upon such return alias or pluries executions may be issued by the department which shall be executed in the same manner. Such lien shall not be valid against any mortgagee, purchaser, or judgment creditor until notice has been filed in the office of the judge of probate as provided for under section 883 of this title."

It is to be noted that section 1175, Title 7, Code of 1940, touching the trial of the right of property, provides that when the levy is made in a different county from that in which the judgment was rendered, or the original attachment issued, if a claim is interposed to the property, it is the duty of the officer levying the writ to return the original to the court from which it issued, and he must return the original affidavit and bond and a copy of the writ under which the levy was made to the circuit court or court of like jurisdiction, of his own county, where the trial of the right of property must be had.

 Section 1175, supra, was, and has been, a part of our statutory law long before the passage of the Sales Tax Act which includes section 770, supra, set out above. The legislature was familiar with the provisions of section 1175, supra, when it enacted section 770, supra. It must have known that executions issued by the Department of Revenue in Montgomery County must more often than not be levied in counties other than Montgomery. The Sales Tax Act does not specifically provide for the trial of claim suits, but the provisions of section 770, supra, indicate that such suits were contemplated. We must therefore read section 770, supra, in pari materia, with section 1175, supra, touching that question. We think it clear enough that claim suits arising out of the levy of executions issued·by the Department of Revenue are controlled by section 1175, supra, and must be tried in the circuit court, or court of like jurisdiction, of the county in which the execution was levied.

We hold therefore that the circuit court, or court of like jurisdiction, of the county in which an execution issued by the Department of Revenue is levied has jurisdiction to adjudicate claim suits arising therefrom. Any other holding would leave claimants in such suits without any remedy whatever.

The writ is due to be, and is denied.

Mandamus denied.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.