24 So.2d 126

### CADDELL v. GATES.

6 Div. 387.

Supreme Court of Alabama.

Dec. 20, 1945.

Lawrence Dumas, Jr., of Birmingham, for appellee.

Hiram Dodd, of Birmingham, for appellant.

**GARDNER, Chief Justice.**

The appeal is from a decree overruling demurrer to the bill filed by Carl C. Gates against C. L. Caddell, who was the purchaser at an execution sale of complainant's personal property, and against H. G. Dowling, as Commissioner of the State Department of Revenue, from which Department the execution was issued.

Complainant seeks to have set aside the sale by the sheriff of Jefferson County and to have an adjustment of other execution liens yet unsatisfied, and offers to reimburse the purchaser, Caddell, on account of any payments he may have made in discharge of outstanding liens. This execution was issued out of the Department of Revenue in order to satisfy a final assessment under the sales tax statute, by virtue of Sec. 770, Title 51, Code 1940, and which was considered by this Court and to be found set out in ex parte State ex rel. Attorney General, 245 Ala. 193, 16 So.2d 187.

As we read the argument of counsel for the defendant Caddell, who alone prosecutes this appeal,· we find no serious insistence that the bill is defective in failing to show sufficient fraud which would justify the vacation of the sale of property valued at $3,500, over and above any liens therefor, for the sum of $47.60, which sale was held at a time of which no notice was given, by publication or otherwise. There were averments tending to show actual fraud in the sale, but aside from these allegations, the inadequacy of price is so glaring and gross as at once to shock the understanding and conscience of an honest and just man, which, of itself, would authorize the court to set aside the sale. Dunn v. Ponceler, 235 Ala. 269, 178 So. 40.

The argument of counsel for appellant presents for consideration only three questions. First, it is argued that the remedy at law is adequate and complete, citing Leath v. Lister, 233 Ala. 595, 173 So. 59; Jarrett v. Hagedorn, 237 Ala. 66, 185 So. 401—to which might be added Bullard Shoals Mining Co. v. Spencer, 208 Ala. 663, 95 So. 1; Butler v. Wilson, 237 Ala. 312, 186

So. 687; Price v. Hall, 226 Ala. 372, 147 So. 156.

We construe Sec. 561, Title 7, Code 1940, as having application to execution or judicial sales had under the order of the court, and as we understand it, this statute was but declaratory of the inherent power of every court to prevent or correct the abuse of its own process by parties controlling it or by the officer charged with its execution. Cowan v. Sapp, 74 Ala. 44.

As to real estate, where a deed has been executed, a court of law would be powerless to cancel the deed—a matter which was given due weight in Dunn v. Ponceler, supra. Aside from other questions (conflicting liens and the like) one of the difficulties confronting the complainant in the instant case arose from the fact that this execution, by virtue of which the levy and sale were made, did not issue from the circuit court, but from the Department of Revenue; and we are persuaded that a bill in equity presented the appropriate remedy.

It is next insisted the bill is defective for that its averments are vague, indefinite and uncertain; citing Walker v. Harris, 235 Ala. 384, 179 So. 213. In Campbell v. State, 242 Ala. 215, 5 So.2d 466, answering a like argument, this Court observed that, in weighing a bill against such a claim the court should look to the purpose sought to be accomplished and the facts necessary to that relief. Not only does the bill disclose the property on which the levy was made and the amount of the judgment rendered by the Department of Revenue upon which the execution was based, the specific property sold, its value, and the purchase price at the sale, but also sets out other judgments and offers to pay off the liens of certain named lienholders which, the complainant is informed, the defendant Caddell satisfied. Clearly enough, without further discussion, we think the bill is free from the objection of generality.

The third and last point argued by counsel is that the sheriff was a necessary party to the bill. Whether or not he would have been a proper party is not presented or considered. We are persuaded that under the authorities the officer making the sale is not a necessary party (35 C.J. p. 111), and the ground of demurrer taking that point was also correctly overruled.

We conclude, therefore, that the demurrer to the bill was properly overruled, and

278

the decree rendered should be affirmed. It is so ordered.

Affirmed.

BROWN, LIVINGSTON, and SIMPSON, JJ., concur.