HOLMES, Judge.
This is a post-divorce judicial sale case.
The trial court divorced the parties, and included in the divorce decree was a provi *1231 sion relating to the marital residence and the surrounding property.
The decree provided that the husband would have the marital residence appraised and then either purchase the wife’s interest in the property or participate with the wife in the proceeds from the sale of the property at a public auction.
After the property was appraised at $38,-500, there was advertised a public auction of the property, at which the husband made the only bid — a bid of $500. The husband thus obtained the property for $500.
Upon the wife’s petition, the trial court set aside the sale of the marital residence, stating that “the purchase price paid by the [husband] was substantially less than the apparent value of said property.”
The husband appeals, and we affirm.
Section 6-9-147, Ala.Code (1975), provides that “[c]ourts have full power over their officers making execution or judicial sales, and whenever satisfied that a sale made under any legal process is infected with fraud, oppression, irregularity or error to the injury of either party, the sale will be set aside.”
It is well settled that the question of setting aside a judicial sale under the provisions of this section is one to be resolved in the exercise of a sound discretion. Cox v. Cox, 267 Ala. 372, 102 So.2d 23 (1958). It has also long been held that this section applies to judicial sales under order of the court and is but declaratory of the inherent power of every court to prevent or correct the abuse of its own process by parties controlling it or by the officer charged with its execution. Caddell v. Gates, 247 Ala. 275, 24 So.2d 126 (1945).
In this case the property in question was purchased by the husband for $500. It was appraised as being worth $38,500. Testimony also indicated that the property may have been worth as much as $125,000. The property in question was a two-story house on seven acres of land. The record shows that, had the trial court not set aside the sale, the wife would have received $225 as proceeds from the sale of the marital residence.
In a recent case it was held that the setting aside of a judicial sale may be justified by the fact that the purchase price is so inadequate as to shock the conscience. Hogan v. Carter, 431 So.2d 1160 (Ala.1983). That case also held that, when the inadequacy of the price might not justify setting aside the sale, slight additional circumstances or matters of equity may be grounds for setting aside the sale. Hogan, 431 So.2d 1160.
In short, inadequacy of price, in some degree, especially when combined with other circumstances, does justify the setting aside of a judicial sale. Hogan, 431 So.2d at 1163.
Nevertheless, as the husband correctly notes in brief, when property is purchased by a stranger, the sale will not be set aside for mere inadequacy of price, no matter how gross. See Hogan, 431 So.2d 1160.
Of course, in this case the property was purchased not by a stranger but by the husband himself. Even were we to accept the husband’s contention that the property’s true value was closer to $27,000 than the appraised value of $38,500, the $500 purchase price was still grossly inadequate. When combined with the fact that the purchaser was the husband and that the sale of the property was pursuant to the divorce decree itself, the trial court was more than justified in setting aside the sale.
Thus, in view of the gross inadequacy of the purchase price, the divorce decree, and the fact that the purchaser was the husband, the trial court was well within its broad discretion in setting aside the sale of the property.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.