## HASSELL vs. HAMILTON.

[DETINUE FOR SLAVE.]

1. *Conclusiveness and effect of decree of appellate court in chancery cause.*—A decree of the supreme court of a foreign State, rendered on appeal from a decree of the chancellor, must be regarded by our courts, in the absence of proof to the contrary, as the only decree which has any force in the cause in which it was rendered; nor can the record and pleadings be looked to, in such case, for the purpose of showing and correcting a mistake in the decree of the appellate court.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. ROBT. DOUGHERTY.

THIS action was brought by William Hassell, as trustee
of Mrs. Elizabeth Hamilton, against David Hamilton, to
recover a slave named Letitia, a girl about fourteen years
of age. On the trial, as appears from the bill of excep-
tions, the plaintiff produced and read in evidence a
transcript, duly certified, from the records of the supreme
court of Tennessee, on appeal from a decree rendered by
the chancery court at Columbia, in a suit instituted by
Mrs. Elizabeth Hamilton, suing by her next friend, against
Alexander C. Hamilton, her husband. That suit was
instituted on the 21st September, 1848, and sought a
divorce *a vinculo matrimonii*, and also to restrain the defend-
ant from selling or otherwise disposing of certain slaves,
which Mrs. Hamilton claimed under a decree rendered
by the chancery court at Columbia in 1843. The slaves
embraced by the decree of 1843, as described in the bill,
were "Sophia, George, Henry, Isaac, Stephen, Mourning,
*Letitia*, and Dick, and *Letitia;*" and the bill alleged, that
all these slaves were in the defendant's possession, "except
Sophia, who has died, and *Letitia*, who was sold by him."
On the 28th March, 1850, on final hearing on pleadings
and proof, the chancellor rendered a decree in favor of
the complainant; granting her a divorce, restoring to her
all the rights of a *feme sole*, and settling the negroes on a
trustee for her use, benefit and support. In the chancel-
lor's decree, the negroes embraced in the decree of 1843
are described as "George, Henry, Isaac, Mourning, *Leti-
tia* and Dick;" and, after reciting the death of Sophia and
the sale of *Letitia* by the defendant, the decree directs that
the title "to all said several negroes, with their increase,
be vested in William Hassell, trustee," &c. On appeal
from this decree, as the said transcript showed, the supreme
court rendered a decree in favor of the complainant be-
low, granting her a divorce, and settling the negroes on
her as alimony; and the negroes were described in this
decree as in the chancellor's decree.

"The plaintiff proved, that the girl *Letitia*, here sued

for, was the daughter of Sophia, and was born in 1842; that she, together with George, Henry, Isaac and Mourning, mentioned in said record, was in the possession of Alexander C. Hamilton in Tennessee in 1848, and, in the fall of that year, was run off by him to Dallas county, Alabama, and placed in the possession of the defendant, who retained possession of her up to the commencement of this suit; that another slave, a woman named *Letitia*, (not the slave in controversy,) was given to Mrs. Hamilton by her father, in 1839, at the same time with the others; that this woman was sold by said Alexander C. Hamilton, prior to the year 1848, and prior to the commencement of the chancery suit referred to in said record. The plaintiff proved, also, the value of the slave sued for, and of her hire."

The defendant then read in evidence a certified transcript of the said decree of 1843, by which the slaves "Sophia and her children, to-wit, George, Henry, Isaac, Stephen, Mourning, *Letitia* and Dick," were settled on him and his wife during their joint lives, but not to be subject to his debts.

"This was all the evidence in the case relating to the plaintiff's right and title to the slave in controversy; and thereupon the court charged the jury, that the plaintiff could not recover; to which charge the plaintiff excepted," and which is now assigned as error.

Wm. M. Byrd, for the appellant.

Jno. T. Morgan, contra.

RICE, C. J.—If the plaintiff has any title to the slave Letitia, here sued for, it is founded upon and derived from the decree rendered by the chancery court at Columbia in the State of Tennessee, or the decree rendered by the supreme court of that State, set forth in the record. He shows no other source of title. And he cannot claim under both of those decrees. They were rendered in the same case, and upon the same pleadings and evidence. The former is the decree of the court of original jurisdiction; the latter the decree of the appellate or revising

court. The latter was made, not on *writ of error*, but on *appeal* from the former; and does not purport to be an affirmance, either in whole or in part, of the former, but a new decree made upon the pleadings and proofs by the supreme court of Tennessee, on the appeal taken from the decree of the chancery court at Columbia.

The judgments of the courts of record of a sister State, when duly authenticated and proved, are *prima-facie* evidence of the jurisdiction of the courts by which they were rendered, and of the correctness of its exercise. Gunn v. Howell, 27 Ala. R. 663. And as the decree of the supreme court of Tennessee purports to be one rendered on a re-hearing of the whole cause, matters of fact as well as law, upon *appeal* taken from the decree of the chancery court at Columbia, we must intend, in the absence of proof of any law of Tennessee to the contrary, not only that the decree of the appellate tribunal is in accordance with the law of that State, but that it is the only decree which has any force as a decree in the case in which it was rendered.—Gelston v. Codwise, 1 Johns. Ch. R. 194, 195; McClellan v. Crook, 7 Gill's R. 333.

Looking to that decree as the plaintiff's only source of title here, the present case is of easy solution. That decree does not confer upon the plaintiff any title to the slave sued for in this action. It does not embrace her, but does embrace *another slave of the same name*.

It is contended by the plaintiff, that the supreme court of Tennessee really *intended* by its decree to confer upon him title to the slave here sued for; that by *mistake* the decree does not confer on him title to that slave, but to another of the same name; and that this mistake and intention of that court appear clearly, as well from the whole record of the suit in which its decree was rendered, as from the other matter adduced as evidence on the trial of the present case. If that be so, it is unavailing to the plaintiff, in this action, unless the courts of Alabama assume the power to correct the mistakes they may find in the decree made by the supreme court of our sister State in a case within its jurisdiction, or to *reform* the decree so as to make it speak the unexpressed intention

of that court. The courts of Alabama have no such power, and cannot in any way change the decree of the supreme court of Tennessee, and, by such change, *create* for the plaintiff a title to a slave, which, if that court intended to confer on him, it failed to confer.

Judgment affirmed.