# Wharton *v.* King.

*Action on Account.*

1. *Variance between allegations and proof.*—Where, in an action on an account by K., the complaint counts on a sale of merchandise made by E. & K., as partners, to the defendant, but contains no averment that the account was the property of K., while the proof shows that the merchandise was sold to the defendant by K. & Son, a partnership, and that the account was the property of K., there is a fatal variance between the allegations and the proof.

2. *License to sell vinous or spirituous liquors; extent of authority conferred.*—A license to sell vinous or spirituous liquors issued to a firm, confers no authority to sell such liquors on another firm, a member of which is also a member of the firm to whom the license was issued.

3. *Set-off; when can not be applied as a payment.*—Set-off is a defense, and may be made or not at the option of the defendant. The plaintiff can not, in the absence of an agreement to that effect, apply it to the payment of his demand.

4. *Remittitur; right of party to make, and its effect.*—A plaintiff has a right to reduce his claim, by remitting all over one hundred dollars, so as to bring it within the jurisdiction of a justice of the peace; but when he does so, he thereby destroys the part of the claim thus remitted.

5. *Same; effect on cross demand held by defendant.*—When a plaintiff, before the commencement of his suit, without the defendant's consent, subtracted from his claim the amount of an independent claim which he owed the defendant, intending it as a part payment, and thereby reducing the amount of his claim so as to bring it within the jurisdiction of a justice of the peace; and then brought suit before that officer for the balance,—*held*, that this amounted to a *remittitur*, and not a payment, and did not impair or affect the cross demand held against him by the defendant.

APPEAL from Etowah Circuit Court.

Tried before Hon. LEROY F. BOX.

The facts are stated in the opinion.

[Wharton v. King.]

AIKEN & MARTIN, for appellant.

DENSON & DISQUE, contra.

STONE, J.—There are two points upon which the judgment in this case must be reversed. First, on the variance between the allegations and proof. The complaint, as originally filed, counts on a sale of goods, wares and merchandise, made by Echols & King, as copartners, to the defendant Wharton. The complaint then stood in the names of W. L. Echols & W. B. King, late partners, against Benj. B. Wharton. The complaint, by leave of the court, was afterwards amended "by striking out the name of Wm. L. Echols as party plaintiff." In all other respects it was left unchanged. It then stood as a suit by King, to recover for merchandise sold by Echols & King, with no averment that the account was the property of King. The proof tended to show that the merchandise was sold, not by Echols & King, but by King & Son, a firm composed of W. B. King, the plaintiff, and F. W. King, under the firm name of F. W. King & Son; and that the account was the property of W. B. King, the plaintiff. This variance between the allegations and proof was fatal, unless the complaint was amended so as to correspond with the proof. The account was for whiskey sold, and one ground of defense was that the sellers had no license. A license to F. W. King & Son would confer no authority on Echols & King to sell. The complaint charges that Echols & King made the sale. The court charged the jury that "if they should find that the whiskey was sold by F. W. King & Son, and the account was transferred to W. B. King, and that said F. W. King & Son had a license at the time the goods were sold (if they were), it will not be necessary for them to go any farther upon the matter of license—said license being sufficient." This, under the averments of the complaint, was error.—1 Brick. Dig. 819; Ib. 294, § 611.

The present action was commenced before a justice of the peace, and claimed eighty-eight dollars as due from Wharton. The justice gave judgment for that sum and interest, making $90.84. The complaint filed in the Circuit Court claimed one hundred dollars, but did not expressly claim interest. There was verdict and judgment for plaintiff for one hundred and four 75-100 dollars. One of the defenses set up was set-off, of an account due from W. B. King to Wharton for house rent, amounting to more than the sum claimed in plaintiff's complaint. The plaintiff's testimony tended to show that there was due from Wharton to King & Son, for merchandise sold, the sum of $177.70. There was also an account due from W. B. King to Wharton for house rent. The amount of this lat-

[Wharton v. King.]

ter indebtedness was not agreed upon. King testified that the sum he owed defendant for house rent was $98. If he was correct in this, then the balance due from Wharton was $79.70. Wharton testified to a larger indebtedness from King for house rent. King's testimony was, " that before he brought said suit he gave defendant credit on said account for house rent in the sum of $98, and brought suit on the balance of said account; that said credit was not given by the direction or consent of defendant; that the said credit of $98 was what he, witness, considered due from him to the defendant for house rent. That he and the defendant never did or could agree as to the terms of said house renting, and the amount due thereon. They always differed as to this." Defendant testified " that he and plaintiff never agreed on the amount due on said house renting, and that he never consented to, or authorized plaintiff to give him credit therefor on said account." This was all the testimony bearing on the question of authority to enter the credit. The following charges were severally asked in writing by the defendant, were refused, and he excepted to each refusal: " The plaintiff can not claim in this suit more than one hundred dollars and interest "; and " if the jury believe from the evidence that Wharton did not consent to the house rent being placed as a credit on the account, then it is not settled; and they must allow whatever the evidence shows, if any thing, the house rent is worth ; and it must be allowed against the account sued on in this case for less than $100, and the jury can not put it on the $177 account.

In the condition in which these accounts stood, what King owed Wharton for house rent was in no sense payment by Wharton, or part payment of what the latter owed the former. It might have been converted into payment, total or partial, if the parties had so agreed ; but in the absence of a mutual agreement between them, it remained only a set-off, or cross demand. Now, set-off is only a defense, and may be made or not, at the option of the defendant. If he choose, he can withhold it as a defense, and bring an independent action for its recovery. And the plaintiff in a suit, against whom this cross demand exists, has no power or option in the premises. He must submit to whatever course the defendant elects to pursue.—2 Brick. Dig. 424, § 30; *White v. Governor*, 18 Ala. 767; *Brazier v. Fortune*, 10 Ala. 516; *Castleman v. Jeffries*, 60 Ala. 380; 7 Wait's Actions and Def. 473; Waterman on Set-Off, § 5. It is thus shown that King, of his own mere wish and will, had no power to reduce his claim against Wharton, by subtracting from it, as so much payment, the independent debt or liability he owed Wharton. Like any other agreement or contract, it required the assent of both parties to make it binding.

[Hall v. Green & Co.]

But he did have a right to reduce his claim, by remitting all over one hundred dollars, so as to bring the claim within the jurisdiction of a justice of the peace.—2 Brick. Dig. 176, § 17. And when a release or *remittitur* is thus made, it effectually destroys the part of the claim thus remitted. To hold otherwise would be to allow a creditor to split up his demand, and carve two actions out of one contract, without the act and consent of the debtor.—*S. & N. R. R. Co. v. Henlein*, 56 Ala. 368., The result of these principles is, that King has reduced his claim to the sum he claimed before the justice, by a release of all over that sum, and has not impaired or affected Wharton's cross demand. The two charges copied above ought to have been given.

Reversed and remanded.