# Roach *v.* Privett.

*Action on Foreign Judgment.*

1. *Merger of judgment by affirmance.*—When a judgment is affirmed on appeal, the judgment of the lower court is merged in the judgment of affirmance, and no longer is regarded as of force.

2. *Same; appeal as conferring jurisdiction of person.*—When a judgment is affirmed on appeal, the appeal giving the court jurisdiction of the defendant's person, he can not assail the affirmed judgment, when afterwards sued on it, on the ground that the lower court never

[Roach v. Privett.]

acquired jurisdiction of his person, either by appearance or service of process.

3. *Set-off; conclusiveness of judgment against.*—At common law, a set-off could not be pleaded at all; and under our practice, it is discretionary with the defendant, whether he will plead it, or bring-another action on it; and if he does not plead it, not being matter of recoupment, the judgment rendered is not conclusive against its allowance in a subsequent suit.

4. *Presumption as to common law.*—In the absence of proof to the contrary, the common law is presumed to prevail in Tennessee.

5. *Error without injury in exclusion of evidence.*—When legal evidence is erroneously excluded, the doctrine of error without injury can not be invoked in support of the ruling, on the ground that it was made after all the evidence was in, and the evidence was insufficient.

6. *Secondary evidence of judgment of justice of the peace.*—Secondary evidence of a judgment rendered by a justice of the peace, during a former term of office, can not be received on proof of search in his office for his docket and papers, unless it is also shown that he has been in office continuously, or has succeeded to the same office after an interval.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Samuel P. Privett, against Luther R. Roach; was founded on a judgment for $118.76, alleged to have been rendered by the Supreme Court of Tennessee, on the 23d September, 1882, on appeal from the Circuit Court of Marion county; and was commenced on the 29th April, 1886. The defendant pleaded *nul tiel* record, *nil debet*, set-off, and a special plea denying the jurisdiction of the Circuit Court of Marion county to render judgment against him, because he had never been served with process, and had never appeared. The court sustained a demurrer to the plea to the jurisdiction of the Tennessee court, because it showed that the defendant had sued out an appeal from the judgment of the lower court to the Supreme Court; and issue was joined on the other pleas.

On the trial, as the bill of exceptions shows, the plaintiff offered in evidence a certified transcript of the judgment of the Supreme Court of Tennessee, on which the action was founded; and the court admitted it, against the objection and exception of the defendant. The judgment was in these words: "The court being of the opinion that there is no error in the record of the court below, it is therefore considered by the court, that the judgment of the Circuit Court of Marion county in this case be, and the same is affirmed; that the defendant in error recover of the plaintiff in error, L. R. Roach, the sum of $103, the judgment of said Circuit Court on the 4th March, 1880, and the costs of the cause in said Circuit Court; and that he also recover of said L. R. Roach, and of F. V. Brown, his surety for the appeal, the further sum of

[Roach v. Privett.]

$15.16, the interest since accrued, and the costs of the cause in this court; for all of which execution is awarded." The objections made to the admission of this transcript as evidence were, (1) "that it was not properly certified;" (2) "that it did not show such a judgment as suit could be brought on as evidence of a debt."

The defendant offered in evidence, under his plea of set-off, two mortgages executed to him by the plaintiff, one for $25, and the other for $65, claiming the balance due; but these were excluded as evidence, on objection by the plaintiff, because they antedated the Tennessee judgment, and the defendant excepted. He also claimed as a set-off an account for advances made by him to the plaintiff, or the balance due thereon, for which he had recovered a judgment before a justice of the peace, before the rendition of a judgment against him in Tennessee. The testimony of the defendant in reference to this judgment, and the objections thereto, are thus stated in the bill of exceptions: "The case was before Squire Wann, and was an attachment suit. At my request, he made diligent search, more than once, for the docket and papers, but could not find them. I was at his office when he made the search, but never made any personal search myself.' On cross-examination as to the loss of the docket and papers, witness further stated: 'Wann was then a justice of the peace, and is now a justice; thinks he has not been in office continuously, but was out one term; can't say that he succeeded to the same office, and don't know that he has been the custodian of the docket since said search.' On this predicate, plaintiff objected to secondary evidence of said judgment in said justice's court; which objection the court sustained, and the defendant excepted."

The rulings of the court on the pleadings and evidence are now assigned as error.

Wm. L. Martin, with whom was J. E. Brown, for appellant. (1.) In an action on a foreign judgment, the jurisdiction of the court may be assailed by plea showing that the defendant was not served with process, and that he never appeared. *Thompson v. Whitman*, 18 Wall. 457; *Gas-Light Co. v. Knowles*, 19 Wall. 58; *Kingsbury v. Yniestra*, 59 Ala. 320; *Wilson v. Montgomery*, 14 S. & M. 205; Freeman on Judgments, § 495. (2.) The right of set-off was not affected by the Tennessee judgment. A set-off was unknown to the common law.—Waterman on Set-off, § 10. The common law is presumed to prevail in Tennessee, in the absence of proof to the contrary.—Cases cited in 1 Brick. Digest, 349, § 9. Under

[Roach v. Privett.]

statutory provisions, a set-off may be pleaded, or may be made the foundation of an independent action.— *Wharton v. King*, 69 Ala. 365; *Weaver v. Brown*, 87 Ala. 533; *Saffold v. Wade*, 57 Ala. 219; Freeman on Judgments, § 277. (3.) The secondary evidence of the judgment of the justice of the peace was sufficient.—1 Brick. Digest, 848, § 636.

HUNT & CLOPTON, *contra*, cited 2 Brick. Digest, 144-5; *Hunt v. Mayfield*, 2 Stew. 124; *Crawford v. Simonton*, 7 Porter, 110; *Mervine v. Parker*, 18 Ala. 241; *Trimble v. Farriss*, 78 Ala. 260; 9 Porter, 397.

McCLELLAN, J.—The judgment sued on was rendered by the Supreme Court of Tennessee, on appeal from a Circuit Court of that State, and is not only an affirmance of the latter judgment, but is also in terms an original judgment in the appellate court, with order for execution out of that court, for the amount there adjudged to be due. In the absence of proof of any law in Tennessee to the contrary, we must intend, not only that the judgment of the appellate tribunal is in accordance with the law of that State, but that it is the only judgment in force in the case in which it was rendered. *Hassell v. Hamilton*, 33 Ala. 280. Especially so as this ruling is in harmony with our own decisions as to the merger of judgments appealed from into judgments of affirmance on appeal.—*McArthur v. Dane*, 57 Ala. 448; *Werborn v. Pinney*, 76 Ala. 291.

The special plea of the defendant below was an attempt to impeach the judgment sued on, by showing that the *nisi prius* court which rendered the judgment appealed from, and which had thus merged into the judgment of the Supreme Court, was without jurisdiction; but it disclosed that the defendant had prosecuted the appeal, and submitted himself to the jurisdiction of the appellate tribunal. We concur with the circuit judge that this was fatal to the plea. It showed that the court which rendered the judgment sued on, the only subsisting judgment in the cause, had jurisdiction of the defendant, whatever may have been the fact in this regard as to the primary court. The defendant could not thus invoke the jurisdiction of the appellate court, and speculate on the chances of its favorable action, without being bound and precluded by whatever judgment should be rendered in the exercise of that jurisdiction. If he desired to avoid this result, and at the same time draw in question the jurisdiction of the primary court, his remedy was a writ of error *coram vobis*, under which it was open to him to show that the trial court had never

[Roach v. Privett.]

acquired jurisdiction of his person, either by service of summons or attachment of his property. In that proceeding, upon a proper showing, the judgment below could have been expunged. Such is the course of the common law, which, in the absence of anything to the contrary, we are bound to presume obtains in Tennessee.—Stephen's Pl. *119; *Day v. Hamburgh*, 1 Brown (Pa.) 75. But, as he elected to hazard the rendition of a valid judgment against him, by taking an *appeal* on a record which did not disclose the jurisdictional infirmity of which he complains, he can not be heard to object that the judgment thus rendered in a proceeding instituted by him was void because of the absence of service on him in the primary court. The demurrer to the special plea was, therefore, properly sustained.

Our opinion is, that the Circuit Court erred in excluding from the jury the evidence offered by the defendant in support of the set-off claimed by him against the judgment debt. This ruling appears to have proceeded on the theory, that as the alleged counter-claims, or items of set-off, antedated the Tennessee judgment, and could have been pleaded in that action, the rendition of that judgment forecloses and precludes them. This view finds some support in some of our earlier cases (*Crawford v. Simonton's Ex'rs*, 7 Port. 110); but it is unsound in principle, and can not be reconciled with later adjudications. The settled doctrine of this court now is, that a set-off may or may not be pleaded, at the election of the defendant; and that, unless it is pleaded, the right to sue upon it as an independent cause of action, or to rely upon it in defense of another action by the same plaintiff, is in nowise affected or impaired by a judgment against the defendant. *Wharton v. King*, 69 Ala. 355; *Weaver v. Brown*, 87 Ala. 533. And this is in harmony with the ruling in other jurisdictions. Freeman on Judgments, §§ 277–280. What the law in this regard is in Tennessee, we are not advised by any thing in this record; and we can not look elsewhere to ascertain it.—*Johnston v. State*, 88 Ala. 176. In the absence of evidence on this point, the presumption is that the common law controls the question in that State; and at common law, a set-off can not be pleaded at all.—Waterman on Set-off, § 10; *White v. Governor*, 18 Ala. 767. And hence, of course, a counter-claim, not a matter of recoupment, could not have been made an issue in the case, nor concluded by the judgment therein.

It is contended, however, that the error, if any, committed by the trial court in excluding evidence of set-off, was without injury, in that the defendant failed to sustain the plea, the ruling of the court having been made after all the testimony

[Mack v. DeBardeleben Coal & Iron Co.]

on this point had been adduced. We can not pass upon the sufficiency of the evidence on any controverted issue of fact. That question is for the determination of the jury. If there was *any* evidence, however weak and inconclusive it may have been, tending to support defendant's plea of set-off, the error in excluding it can not be said to have involved no injury to him, as we can not know what effect it would have had on the minds of the jury. That there was such evidence, the record before us clearly demonstrates.

Parol evidence of the judgment rendered by the justice of the peace should not have been received, on the showing made. It should, at least, have been made to appear that the justice had been in office continuously since its rendition, or that he had succeeded, after being out one or more terms, to the same justiceship, which he held at the time of the judgment. Otherwise, there is no presumption of loss or destruction of the papers, or the judgment-entry, from a failure to find them or it in his office at the time of the search proved. *Non constat* but that the docket on which the judgment-entry was made had, as required by law, been delivered to another justice, and never returned to the magistrate who rendered the judgment.

For the error pointed out above, the judgment of the Circuit Court is reversed, and the cause remanded.