# Lange *v.* Hammer.

*Bill to Reform Misdescription in Deed.*

(Decided Nov. 26, 1908.   47 South. 724.)

1. *Res Adjudicata; Plea.*—The plea of res adjudicata, to be good, where the attempt is to set up a former proceeding to judgment, must state facts showing that the controversy was between the same parties, about the same subject matter, and the adjudication was upon the merits, and so much of the proceedings as was necessary to show these facts should be set out.

2. *Same.*—Where the plea alleged that complainant, prior thereto, had filed a bill against the same defendant involving the same rights and subject matter of the present suit, that the defendants filed their answer, that proof was taken, and upon the submission of the cause the suit was dismissed, and that the decree was still in force, all of which appeared from the record of the proceedings therein, does not sufficiently set out the former proceedings so as to identify it with the present suit.

APPEAL from Cullman Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by J. C. F. Hammer against Robert Lange and another. From a decree holding the pleas insufficient, defendants appealed. Affirmed.

[Lange v. Hammer.]

The bill alleges that complainant conveyed to Lange a certain parcel or lot of land, and that it was the intention to convey certain other lands, and that the misdescription of the land in the deed was caused either by a mistake of the complainant, combined with the fraud of said Robert Lange, or else by a mutual mistake of the parties to the deed, and that the said Elizabeth Lange had knowledge of the fact when she acquired title thereto from her huband. Defendants each filed a separate plea, which was incorporated in the answer. The pleas are practically the same, and the plea of defendant Robert Lange is here set out. The defendants for further special plea or answer to the complaint says that heretofore, to wit, on the 9th day of May, 1906, the complainant filed a bill of complaint in this court against this defendant involving the same rights and controversies as is involved in this bill of complaint, and on the 11th day of August, 1906, the said complainant filed an amendment to his said bill in this court making the other party hereto, Elizabeth Lange, a party defendant to that bill of complaint, and defendant further alleges that such proceedings were had in such case that defendant filed his answer to said bill of complaint and the defendant Elizabeth Lange also filed an answer to said bill, and the said cause thereupon being at issue proof was taken upon both sides, and said cause, after the taking of such proof, was duly submitted to the court upon the pleadings and proof as noted by the register for a decree in vacation, and upon the 30th day of April, 1907, a decree was duly rendered in said cause, dismissing the complainant's bill, and that no appeal has ever been taken from said decree, nor has said decree ever been set aside, vacated, or held for naught but has ever since the date thereof been in full force and effect, all of which fully appears from the record and proceedings in said cause,

and defendant alleges that the parties to said cause were the same parties as the parties to this cause, and that the subject-matter of said bill is the same subject-matter involved in this bill.

F. E. ST. JOHNS, for appellant. The pleas were good as res adjudicata.—*Glasser, et al. v. Meyrovitz,* 119 Ala. 152; *Wood v. Wood,* 134 Ala. 557. The plea being good it is the duty of the plaintiff to take issue.—*Gilbreath v. Jones,* 66 Ala. 129, and authorities supra. The principle is that the judgments of courts of competent jurisdiction, rendered on the merit is finally conclusive of the matter in controversy.—*Tankersly v. Pettus,* 71 Ala. 179.

JAMES A. MITCHELL, and FRANK DEEDMEYER, for appellee. The court properly held the pleas insufficient as pleas of res adjudicata.—*Glasser v. Meyrovitz,* 119 Ala. 153; *McCall v. Jones,* 72 Ala. 371; 1 Dan. Chan. P. & P. 861.

SIMPSON, J.—The bill in this case was filed by the appellee against the appellants to reform a deed so as to correct the description of the property conveyed. Each of the respondents filed a plea attempting to set up res judicata. The pleas were set down for hearing as to their sufficiency, and, from the decree holding said pleas insufficient, this appeal is taken.

The pleas are substantially identical. A party pleading res judicata must allege all facts necessary to make the defense complete. It must be shown that the former controversy was between the same parties, that the subject-matter was the same, and that the adjudication was on the merits. Good pleading requires that the proceedings as is necessary to show the essential facts, should be set out, and courts have held that this is essential;

[Gulf Coal & Coke Co. et al. v. Appling.]

but it is at least necessary that the allegations shall clearly set out matters showing such essential facts. 16 Cyc. 289; Story's Eq. Pl. (6th Ed.) § 791, p. 699; Beach's Modern Eq. Pr. § 310, pp. 333, 334; 9 Ency. Pl. & Pr. pp. 621, 625, and note; *Da Costa v. Dibble et al.,* 40 Fla. 418, 24 South. 911, 913; *Lyon v. Tallmadge,* 14 Johns. (N. Y.) 501, 511; *Pace v. Dossey,* 1 Stew. 20, 22; *Glasser et al. v. Meyrovitz,* 119 Ala. 152, 157, 24 South. 514; *McCall v. Jones,* 72 Ala. 368, 371, 372,.

Under the authorities cited, the pleas were properly held to be insufficient.

The decree of the court is affirmed.

Tyson, C. J., and Denson and McClellan, JJ., concur.