## YANCEY et ux. v. DENHAM. (8 Div. 597.)

(Supreme Court of Alabama. April 17, 1924.)

**1. Judgment ⬅➡949(1)—Plea of res judicata should show parties and subject-matter same and judgment on merits.**

A plea of res judicata should show parties and subject-matter same, that judgment was on merits, and that subject-matter was such that the issues in the former suit were broad enough to cover the issues in the case at bar.

**2. Judgment ⬅➡589(1)—Judgment in detinue may not bar action of assumpsit on same instrument.**

Judgment in detinue may be no bar to an action of assumpsit on same instrument.

**3. Judgment ⬅➡603, 949(5)—Judgment in action on one installment may be bar to action on later installments; plea must show identity of issues.**

Judgment in a suit in one installment, dependent on the validity of the same contract, may be a bar to a further action on later installments, though the plea of res judicata must show identity of contract, and that former judgment determined issues applicable to later installments.

**4. Judgment ⬅➡949(5)—Plea of res judicata in action on note held demurrable.**

In an action on three notes in separate counts, a plea of res judicata, alleging the notes were given in a single transaction as purchase money for a horse, and setting up a judgment favorable to defendant in a prior action by the same plaintiff on the first note interposed "for answer to each count of the complaint * * * separately," but which showed no connection between the notes sued upon in the different counts, *held* demurrable.

**5. Alteration of instruments ⬅➡8, 12—Adding name of attesting witness pursuant to agreement after execution held material alteration; but not invalidating.**

Though adding the name of an attesting witness to a note after execution is a material alteration, if done pursuant to an agreement between the parties it does not vitiate same.

**6. Alteration of instruments ⬅➡12—After proof controverting facts set up by plea of non est factum, notes admissible without further proof of execution.**

Where plea of non est factum admitted execution of note sued upon, but set up unauthorized alteration, on proof that makers consented to alteration, notes were admissible without further proof of execution.

**7. Appeal and error ⬅➡931(1)—Court's findings of fact entitled to same presumption as jury's.**

Findings of fact by court without jury are subject to same presumption as verdict of jury.

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Action on promissory note by W. H. Denham against Henry Yancey and Mrs. H. M. Yancey. Judgment for plaintiff, and defendants appeal. Affirmed.

Plea 12 is as follows:

"(12) That the plaintiff, heretofore, on the 9th day of April A. D. 1921, in the circuit court of Madison county, impleaded the defendants in an action for the same identical debt set forth and described in the first count of said plaintiff's complaint, in this, that plaintiff, by his complaint heretofore filed in the circuit court of Madison county, in the cause of W. H. Denham, Plaintiff, v. Henry Yancey and Mrs. H. M. Yancey, Defendants, No. 1370, sought the recovery of the sum of four hundred ($400) dollars, alleged to be due plaintiff from defendants on a bond or promissory note made by the defendants on the 25th day of October, 1920, and payable to R. S. Harris on the 5th day of February, 1921, which said bond or promissory note had been transferred and assigned to W. H. Denham, plaintiff. And defendants further aver that afterwards, and before the commencement of this suit, the defendants, by consideration of this court, recovered in said action judgment against said plaintiff on the issues joined between the parties, on their plea denying any indebtedness due from defendants to plaintiff, which said judgment is in full force, unreversed and unsatisfied."

Cooper & Cooper, of Huntsville, for appellants.

The attestation of the notes after their execution constituted a material alteration. White Sewing Mach. Co. v. Saxon, 121 Ala. 409, 25 South. 784; 2 A. & E. Encyc. of Law, 245; Ellerson v. State, 69 Ala. 1; Anderson v. Bellinger, 87 Ala. 334, 6 South. 82, 4 L. R. A. 680, 13 Am. St. Rep. 46; Montgomery v. Crossthwait, 90 Ala. 553, 8 South. 498, 12 L. R. A. 140, 24 Am. St. Rep. 832. The judgment of a court of competent jurisdiction rendered on the merits as between the parties is final and conclusive. Tankersly v. Pettis, 71 Ala. 179; McCall v. Jones, 72 Ala. 368. If appellants were not liable upon the first note, they were not liable upon the others. Hall & Farley v. Ala. T. & I. Co., 173 Ala. 398, 56 South. 235; Wood v. Wood, 134 Ala. 565, 33 South. 347. A seller, retaining title, cannot repossess the property sold and sue for the purchase price. Sanders v. Newton, 140 Ala. 335, 37 South. 340, 1 Ann. Cas. 267; Davis v. Millings, 141 Ala. 378, 37 South. 737; Alexander v. Mobile Auto Co., 200 Ala. 586, 76 South. 944. The wife cannot directly or indirectly become surety for her husband. Code 1907, § 4497.

White & Watts and Robt. C. Brickell, all of Huntsville, for appellee.

If name of witness is added after execution of note, with the knowledge or consent of maker, the alteration is immaterial. 2 C. J. 1207; White Sewing Machine Co. v. Saxon, 121 Ala. 409, 25 South. 785. To support a plea of res judicata, not only must the parties and subject-matter be the same,

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

but the judgment in the first case must have been on the merits. Schillinger v. Leary, 201 Ala. 256, 77 South. 847; Street v. Downing, 205 Ala. 110, 87 South. 527; Phillips v. Thompson, 3 Stew. & P. 378; Lange v. Hammer, 157 Ala. 322, 47 South. 724; Stephenson v. Bird, 168 Ala. 363, 53 South. 92, Ann. Cas. 1912B, 249. The pledge of property does not convey the title, but merely gives the pledgee a lien. Gilmer v. Morris, 80 Ala. 78, 60 Am. Rep. 85; Sims v. Canfield, 2 Ala. 555; Rolfe v. Huntsville Lbr. Co., 8 Ala. App. 487, 62 South. 537. The judgment of the court upon the facts cannot be reviewed except to determine whether there is evidence to support the judgment. Montgomery Lodge v. Massie, 159 Ala. 437, 49 South. 231; Cefalu v. Dearborn, 162 Ala. 105, 49 South. 1030.

BOULDIN, J. The complaint is on three promissory notes in separate counts.

The defendants interposed several pleas of res adjudicata setting up, in substance, that the notes were given in one transaction, and represented installments of purchase money for a horse; that embodied in the notes was a mortgage on the horse sold and another horse as security for the debt; that after the maturity of the first note this same plaintiff sued these same defendants in a court of competent jurisdiction, joining a count in detinue and a count in assumpsit, both founded on the first maturing mortgage note; and that in such former suit judgment went for defendants for the horse, or its alternate value, and damages for detention pending the suit. The several pleas, except No. 12, are silent as to the judgment of the court on the count in assumpsit on the note. Plaintiff's demurrers to these pleas were sustained.

[1] A plea of res adjudicata should show that the parties are the same, the subject-matter the same, and that the judgment was upon the merits. The identity of subject-matter must be such that the issues on the former suit were broad enough to cover the issues in the case at bar. Lange v. Hammer, 157 Ala. 322, 47 South. 724; Glasser v. Meyrovitz, 119 Ala. 152, 24 South. 514; McCall v. Jones, 72 Ala. 368; Terrell v. Nelson, 199 Ala. 436, 74 South. 929.

[2] A judgment in detinue may be no bar to an action of assumpsit founded upon the same instrument. The issues actually litigated may be different. A good illustration is found in the case at bar. The mortgage clause in the instrument sued upon reads:

"We hereby pledge the following collateral, with the power to sell the same publicly or privately, with or without advertisement, if the indebtedness secured hereby is not paid at maturity, viz.: [Describing the horses]."

In Bradford v. Proctor, 209 Ala. 299, 96 South. 203, we held an instrument of like form as the above to be an equitable mortgage which would not sustain an action of detinue.

Plea No. 12 does set forth a decision and judgment in the former suit upon the count based on the same note set forth in count 1 of the present suit, and avers that the judgment went against the plaintiff on issue joined on defendants' plea denying any indebtedness due from defendants to plaintiff, etc. This plea is interposed "for answer to the complaint filed, and each count thereof, separately and severally."

Ground of demurrer No. 3 reads:

"Said plea is pleaded to all counts of the complaint, and it shows upon its face that only one of the notes counted on in the complaint was involved in the former suit."

[3, 4] If issue had been joined on the plea, it is manifest that proof of its averments would have defeated the entire action. A judgment rendered in a suit on one of several installments, all depending upon the validity of the same contract, may be a bar to a further action on the later installments. But the plea must show the identity of the contract, and that the former judgment determined the issues applicable to the later installments. Strauss v. Meertief, 64 Ala. 299, 38 Am. Rep. 8. Plea No. 12, now under review, did not show any connection between the notes sued upon in the different counts. The demurrer was, therefore, properly sustained as to that plea also. People's Shoe Co. v. Skally, 196 Ala. 349, 71 South. 719; Black v. Smith Lbr. Co., 179 Ala. 397, 60 South. 154.

[5] Adding the name of an attesting witness to a promissory note after its execution at the instance of the payee is a material alteration. If, however, this is done pursuant to an agreement with the makers, it does not vitiate the note. White Sewing Machine Co. v. Saxon, 121 Ala. 399, 409, 25 South. 784; 2 C. J. 1207.

[6] The plea of non est factum admitted the execution of the notes, but set up an unauthorized alteration by adding the signature of an attesting witness. Upon proof that the makers consented to the alleged alteration, the notes were properly admitted in evidence without further proof of execution.

[7] The issues submitted on the plea of non est factum and the plea of coverture of Mrs. Yancey were tried by the court without a jury on oral testimony. He saw and heard the witnesses. His finding of fact is subject to the same presumption as the verdict of a jury. McNaron v. McNaron, 210 Ala. 687, 99 South. 116.

The evidence was in direct conflict, and presented issues strictly for a jury or the trial court in lieu of a jury. We cannot say the finding was unsupported by evidence.

No reversible error appearing, the judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.