91 So.2d 668

**Lucy MARONEY**

v.

**J. B. WHITAKER and Grundy Maroney.**

**8 Div. 781.**

Supreme Court of Alabama.

Dec. 21, 1956.

**410**

Harry L. Pennington, Huntsville, for appellant.

Starnes & Starnes, Guntersville, for appellees.

SPANN, Justice.

This is an appeal from a final decree of the Circuit Court of Marshall County, In Equity. By its decree the Circuit Court held that the present suit is barred by a prior decree of that court and dismissed the cause.

Appellant and appellee, Lucy and Grundy Maroney, were lawfully married to each other on December 5, 1909. On May 17, 1948, appellee, Grundy Maroney, filed suit against the appellant for divorce on the grounds of cruelty, under Title 34, § 22, Code 1940. The act of cruelty which was alleged and proved occurred on May 14, 1947, more than four months prior to the enactment of the statute which authorized the husband to obtain a divorce for his wife's cruelty. Decree pro confesso was taken and a final decree was entered on July 31, 1948.

On May 24, 1928, appellee Maroney became the owner of a 317 acre farm on which he and appellant thereafter lived. On March 29, 1949, after the divorce decree was rendered but while appellant was continuing to live on the farm, the appellee Maroney sold the farm to appellee Whitaker for $5,000. The deed conveying the property to Whitaker was executed by Grundy Maroney but not by the appellant.

On November 10, 1948, four months prior to the aforementioned conveyance, appellant filed a bill of complaint seeking to have the divorce decree of July 31, 1948, declared null and void. By amendment to her bill filed on April 5, 1949, appellant joined J. B. Whitaker as a party respondent, alleged the execution and delivery of the deed in question and prayed that the court decree that she was entitled to the use of the farm and that the deed from Grundy Maroney to Whitaker be declared null and void. Upon submission of the cause the court decreed that the prior divorce was void and that the deed was void insofar as it affects the homestead interests of the appellant but was valid and effective as to all the right, title and interest of Grundy Maroney. On rehearing being granted, the bill of complaint was again amended. By her second amendment, appellant sought to have the deed declared void insofar as it affects her homestead interests and that a reference be ordered to ascertain and set apart a homestead. The matter was referred to the

register and evidence was presented before him. Upon receipt of the register's report, the court segregated and set apart a portion of the farm of the value of $2,000 and decreed that the appellant should have the use of such portion for her life. No appeal was taken from this decree which was rendered on April 21, 1951.

The present suit was instituted on August 19, 1953. On that date, appellant filed a bill of complaint against the appellees by which she sought to have the court decree that the conveyance from Grundy Maroney to J. B. Whitaker was not effective to convey any right, title or interest in the land therein described and that such conveyance be cancelled, set aside and held for naught.

Appellee Whitaker entered a plea of res judicata, alleging that the prior suit resulting in the court's decree of April 21, 1951, involved the same parties and subject matter and was a final adjudication of appellant's cause.

The cause was submitted for final decree on the pleadings and exhibits thereto and by its decree of April 13, 1954, the court sustained appellee's plea as a complete bar to the suit filed and dismissed appellant's bill of complaint. From that decree the present appeal was prosecuted.

█ It is without dispute that appellee's plea sets up the essential elements of a plea res judicata. Goodman v. McMillan, 258 Ala. 125, 61 So.2d 55; Yancey v. Denham, 211 Ala. 138, 99 So. 851; Lange v. Hammer, 157 Ala. 322, 47 So. 724. The merit of this appeal rests on the single contention that since at the time of the conveyance Grundy and Lucy Maroney were man and wife, the conveyance by the husband without the voluntary signature and assent of the wife is incapable of passing any estate of interest whatever. Appellant insists that it follows from this principle that the circuit court was without authority to give any force and effect to such a conveyance, and since the court here exceeded its authority its prior decree is void and not res judicata.

█ Appellant's theory is grounded on the proposition that the conveyance in question is wholly void. She correctly states the law to the effect that a conveyance of a homestead without the voluntary signature and assent of the wife is a nullity and incapable of passing any estate or interest whatever in the homestead. Code of Alabama 1940, Title 7, § 626; Leonard v. Whitman, 249 Ala. 205, 30 So.2d 241; Lazenby v. Lazenby, 229 Ala. 426, 157 So. 670, and cases cited. But, as stated in DeGraffenried v. Clark, 75 Ala. 425:

> "* * * this principle does not hold where the area of the homestead, or its value, exceeds the constitutional or statutory limitation. In such case, the * * * conveyance is good for the excess over and above the quantity to which the occupant is entitled by way of exemption. Our decisions are uniform as to this proposition.—McGuire v. Van Pelt, 55 Ala. 344; Garner v. Bond, 61 Ala. 84; Snedecor v. Freeman, 71 Ala. 140." See, also, Rhodes v. Schofield, 263 Ala. 256, 82 So.2d 236.

In the case before us, the property which was the subject of the conveyance consisted of 317 acres and was of a value of at least $5,000. It clearly exceeded the applicable constitutional and statutory limitations. Under the authority previously cited, it appears that the conveyance was not wholly void as appellant contends but was valid as to that portion of the property in excess of the homestead.

By its prior decree, the circuit court set apart the homestead. The validity of such decree is here attacked only on the ground which we have disposed of in the foregoing paragraphs. Whether the prior decree did or did not contain error is not within the scope of the present inquiry. The prior decree finally adjudicated the matter which is the subject of the present suit and no appeal was taken therefrom.

We conclude that the decree of the circuit court is due to be and is hereby affirmed.

Affirmed.

SIMPSON, GOODWYN and MERRILL, JJ., concur.