154 So.2d 677

Joseph B. HEDRICK

v.

GRIMES MOTOR COMPANY, Inc.

3 Div. 923.

Supreme Court of Alabama.

June 13, 1963.

Godbold, Hobbs & Copeland, Montgomery, for appellee.

Walter J. Knabe and Rodney R. Steele, Montgomery, for appellant.

COLEMAN, Justice.

This is an appeal by defendant from judgment for plaintiff, rendered by the court without a jury, in an action on a promissory note made by defendant, dated January 15, 1947, payable to plaintiff sixty days after date.

To the complaint, defendant pleaded the general issue, payment, and res judicata. We are concerned with the pleas of res judicata.

In a prior action between these same parties, the instant defendant was plaintiff. He is hereinafter sometimes referred to as

Hedrick. The instant plaintiff was defendant. It is sometimes referred to as Grimes.

In the pleas of res judicata, Hedrick alleged that, in the prior action, he, as plaintiff, filed against Grimes, as defendant, a complaint in which Hedrick admitted his indebtedness to Grimes on the note which is the basis of the instant action; that, in said prior complaint against Grimes, Hedrick gave credit to Grimes for the amount of said note as against the demand asserted against Grimes in said prior complaint; that Grimes moved to strike from the prior complaint the allegations wherein Hedrick gave credit to Grimes for the amount of said note as aforesaid; that Grimes' motion to strike was denied; that Grimes joined issue on the complaint; that a trial was had in said prior action, which is referred to as Case No. 14012; that a verdict assessing Hedrick's damages at $5.00 was returned in his favor; that a special verdict also was returned by the jury discharging Hedrick's obligation on the note now sued on by Grimes; and that judgment was rendered in accord with verdict.

In the respect here pertinent, Count 2 of Hedrick's complaint in the prior action recites as follows:

"The plaintiff (Hedrick) * * * claims of the defendant (Grimes) * * * the sum of Five Thousand ($5000.00) Dollars for the breach * * of a certain verbal contract * * * made and entered into by and between the plaintiff and defendant * * *. And the plaintiff avers that he has complied fully with the said contract * * * the defendant has breached said contract * * * in this: (Par. Added)

"(a) Defendant * * * is still due and owing him (plaintiff) thereon the sum of, to-wit, $350.00; (Par. Added)

"(b) * * * it (defendant) was due to pay the plaintiff the sum of * * * but it only paid him the sum of * * * leaving defendant still due and owing plaintiff thereon the sum of * * * $3,808.10; (Par. Added)

"(c) * * * defendant is due and owing plaintiff * * * the sum of $2,800.00;

"All of which said several sums aggregate $6,958.10, less the following amounts which plaintiff admits as credits thereon, towit:

"Plaintiff's account with defendant of $1,354.61

"Plaintiff's note to defendant for 1,280.00

$2,634.61

"Such credits aggregating, to-wit, $2,634.61; leaving a net balance due to the plaintiff of, to-wit, the sum of $4,323.49, and which said sum, with the interest thereon from December 20, 1960, is due and unpaid. Hence this suit."

In pertinent part, Grimes' aforementioned motion to strike recites:

"Comes the defendant and moves to strike from Count II of the complaint the words:

" 'Plaintiff's note to defendant for 1,280.00

$2,634.61

" 'Such credits aggregating, to-wit, $2,634.61; leaving a net balance due to the plaintiff of, to-wit, the sum of $4,323.49, and which said sum, with the interest thereon from December 20, 1950, is due and unpaid. Hence this suit.'

"and as grounds for said motion assigns the following: * * *."

The motion to strike was overruled and Grimes excepted.

Grimes' demurrer to Hedrick's complaint in the prior action was overruled and

Grimes pleaded the general issue and set-off in the sum of $380.39 allegedly due by account from Hedrick to Grimes. Grimes did not plead the note in set-off, counter-claim, recoupment, or in any other manner.

The judgment in Case No. 14012, as set out in plaintiff's Exhibit 3, recites as follows:

"This day came the parties, and issue being joined between them, thereupon came a jury of good and lawful men, to-wit, Chas. D. Parker and eleven others, who being duly empaneled and sworn according to law upon their oaths do say:

" 'We the jury find for the plaintiff, and assess his damages in the sum of Five Dollars.'

"And upon being further instructed by the Court, thereupon came said jury of good and lawful men, to-wit, Chas. D. Parker and eleven others, who being duly empaneled and sworn according to law, upon their oath do say:

" 'In reaching our verdict we the jury have discharged the obligation of the plaintiff on the note in the sum of $1280 together with all interest thereon and have found against the defendant on his plea of recoupment. C. D. Parker, Foreman.'

"It is, therefore, CONSIDERED, ORDERED, AND ADJUDGED by the Court that the plaintiff have and recover of the defendant the said sum of Five Dollars, together with the costs in this behalf expended, and for all of which execution may issue.

"It is further CONSIDERED, ORDERED, AND ADJUDGED by the Court that the plaintiff be and he is hereby discharged and released from any and all liability to the defendant on the note executed by plaintiff to the defendant, dated January 15, 1947, in the principal sum of $1280, together with all interest due thereon, and he is further discharged and released from any liability to the defendant arising out of the matters set up in defendant's plea of recoupment."

The judgment is marked satisfied and discharged by attorneys for Hedrick.

A different copy of the foregoing judgment was received in evidence in the instant case as Defendant's Exhibit No. 1. The two copies are not identical, but we find no difference which is here material and do not understand that the parties insist that there is any such difference. The record in the instant case shows the following stipulation:

"MR. KNABE: If the Court please, we would like the Record to show that it is agreed by and between the parties that the note which is referred to in Defendant's Exhibit No. 1 is the note which is sued on today.

"MR. GODBOLD: That is correct, sir."

On this, we must conclude that the note in the prior case and the instant case is the same note.

Appellant has assigned 13 errors which raise various questions. As we view it, however, determination of one issue will decide the case.

The controlling question is whether or not the judgment rendered in Case No. 14012 is a bar to plaintiff's right to recover in the instant action.

Defendant, Hedrick, contends that, in Case No. 14012, one of the issues presented and decided; to wit, Hedrick's liability to plaintiff on the same promissory note; is the same issue which plaintiff now undertakes to present and have decided for a second time in the case at bar. Plaintiff, Grimes, contends that defendant could not present said issue in the prior case, because there the plaintiff alone had the right to elect to present or not to present that issue; and that, because plaintiff did not elect to present the issue in the prior case, the issue

could not have been there decided, and, therefore, the judgment in the prior action cannot be and is not a bar to plaintiff's right to recover in the instant case.

In support of plaintiff's contention that the prior judgment is not a bar to plaintiff's recovery on the note in the instant action, plaintiff relies on Wharton v. King, 69 Ala. 365; McCurdy v. Middleton, 82 Ala. 131, 2 So. 721; Roach v. Privett, 90 Ala. 391, 7 So. 808; and New England Mortgage Security Co. v. Fry, 143 Ala. 637, 42 So. 57; as authority for the proposition that a set-off may or may not be pleaded at the election of defendant, and that, unless the set-off is pleaded by defendant, the right to sue upon it as an independent cause of action is not affected or impaired by a judgment against the defendant.

Apparently, the trial court, in the instant case, relied on this doctrine, and particularly Wharton v. King, supra, because, in overruling defendant's demurrer to plaintiff's replication, the trial court said:

"It is clear to the Court that plaintiff cannot force a plea of recoupment or set-off by professing to give a credit against his claim for damages. There is no rule of law which would permit Hedrick, the defendant in this case, at his option, to reduce his claim against Grimes by subtracting therefrom some independent debt or liability which he was obligated to pay Grimes. However, if we concede that the cross-demand of Grimes has been sufficiently pleaded and identified so as to be shown to be the identical note presently sued on, it was not payment and could become payment only by agreement between both parties. Under the allegations of the special replications, the Court is of the opinion that the liability of Hedrick to Grimes on the note which is the subject matter of this suit, has not been litigated and determined in a prior case.

"While it is true that Hedrick was without power to reduce his claim in the manner in which he sought to do, he would have the right to remit $1,280 of the claim. When a release or remittitur is so made, it destroys the part of the claim thus remitted. Wharton v. King, 69 Ala. 365.

"A consideration of these principles brings the result that Hedrick reduced his claim in Count II by a release of $1,280. The purported credit is not set forth in Count I. This voluntary reduction or remittitur by Hedrick does not affect the demand of Grimes on the note now sued on here before the Court."

In Wharton v. King, supra, the judgment was for plaintiff in the circuit court, and defendant appealed. The transcript in Wharton shows the following matters:

In the circuit court, plaintiff filed a complaint in two counts, one for $100.00 due for goods and merchandise sold by plaintiff to defendant and the other for $100.00 due by account stated. The defendant pleaded, among other pleas, that plaintiff "was indebted to the defendant at and before the commencement of said suit in a large sum for house rent, to-wit: The sum of $300. which he hereby offers to off-set against the plaintiffs demand." Plaintiff and defendant did not agree on the amount due from plaintiff to defendant for house rent, as is disclosed by the opinion in 69 Ala. at pages 366 and 367. The plaintiff had testified to one figure and defendant to a different figure. This court reversed the judgment for plaintiff and held, inter alia, that the trial court erred in refusing to charge, at defendant's request, that if the jury believe, etc., that defendant did not consent to the house rent being placed as a credit on the account, then it is not settled; and they must allow whatever the evidence shows the house rent is worth, and it must be allowed against the account sued on in this case for less than $100, and the jury cannot put it on the $177 account.

While the question is not presented in the case at bar, it may well be that Hedrick, as plaintiff, had no right to compel Grimes,

as defendant, to plead the note as set-off in the prior action, and that the court erred in the prior action in allowing Hedrick to pursue that course and obtain a judgment declaring that Hedrick was discharged and released from any and all liability to Grimes on the note; but, even if error in Case No. 14012 be conceded, this is not an appeal from the judgment in that case.

Wharton v. King was a direct appeal from the judgment which was infected with error in applying or failing to apply the principle that defendant may or may not, at his election, set off an independent claim against the plaintiff's demand. That is not the situation here. The error in compelling Grimes, against its election, to set off the note against Hedrick's claim was not committed in the instant case. That error, if error it be, was committed in the trial of the prior case, No. 14012.

The judgment in the prior case stands unreversed. That judgment was rendered by the same court which rendered the judgment now under review. It is not denied that, in the prior case, the court had jurisdiction of parties and subject matter. However much the prior judgment may have been infected with error, it is not void.

The rule of our cases is that a domestic judgment, regular on its face, is conclusive on collateral attack. A. B. C. Truck Lines v. Kenemer, 247 Ala. 543, 549, 25 So.2d 511.

If the prior judgment be erroneous, Grimes was entitled, after its rendition, to appeal to reverse the judgment, but until reversed, notwithstanding it may abound with errors, it is obligatory on Grimes. Cole v. Conolly, 16 Ala. 271, 280; Maroney v. Whitaker, 265 Ala. 409, 91 So.2d 668.

We are of opinion that the issue of defendant's liability to plaintiff on the note here sued on was adjudicated in the prior action, that the judgment in the prior action is a bar to plaintiff's recovery in the instant case, and that the court erred in rendering judgment for plaintiff in the instant case.

The judgment appealed from is reversed and the cause is remanded for entry of a judgment for defendant.

Reversed and remanded with directions.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.