This is a divorce modification case.
After an ore tenus hearing, the Montgomery County Circuit Court denied the husband's petition for modification of the divorce decree. The husband appeals and we affirm.
A final decree of divorce was entered between the parties on April 8, 1985. That decree provided that periodic alimony of twenty dollars per week was awarded to the wife. No appeal was taken from this judgment.
On August 30, 1985, the husband filed a petition for modification of the divorce decree. This petition alleged that the original trial court's award of periodic alimony was in fact an award of child support. Put another way, the husband contended in his petition that the original divorce decree awarding periodic alimony was mislabeled and was in fact child support. The husband petitioned the court to modify its earlier decree by striking the award of periodic alimony, claiming that the award was in reality child support and no longer justified because the child for whom such support was provided had joined the U.S. Air Force.
On appeal, the husband, through able and distinguished counsel, contends that the trial court erred in failing to change the award of periodic alimony to an award of child support. We disagree.
It is an established rule of law that a domestic judgment, regular on its face, is conclusive on collateral attack. SeeHedrick v. Grimes Motor Co., 275 Ala. 322, 154 So.2d 677
(1963). Therefore, in this instance we conclude that the husband cannot *Page 948 
be heard to complain, in light of the judgment rendered by the trial court awarding the wife periodic alimony.
Furthermore, the question of whether the trial court erred in its award of periodic alimony, instead of child support, was a question that was ripe for appeal upon the entry of a final decree of divorce. No appeal was taken from that judgment within the prescribed period. Consequently, the husband cannot be heard now to complain that the trial court erred in failing to change the award of periodic alimony to an award of child support. The husband cannot circumvent the rules by appealing from a denial of a petition to modify the divorce decree by raising issues that should have been raised at a much earlier time. See Rule 4, Alabama Rules of Appellate Procedure.
This case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.